*1293 OPINION
By the Court,
Young, J.:
Appellant Steve Miller (“Miller”) and respondent Jones were candidates in the May 7, 1991 Las Vegas mayoral election. On May 3 and 4, 1991, the Thursday and Friday before the election, Jones’ campaign staff distributed a flier which contained reproductions of newspaper articles unfavorable to Miller. Next to each article was a brief sentence, drafted by Jones’ campaign staff, which purported to summarize the contents of the article. Jones reviewed the flier and approved it for distribution.
One of the items reproduced in the flier was from the August 30, 1988 Las Vegas Sun. This article reported that Miller had informed the police that a small amount of what appeared to be cocaine had been discovered in an automobile which Miller had purchased for a family member. A body shop had discovered the substance while repairing the car. Miller told the police that he had instructed the body shop owner not to touch anything until the police arrived. However, when the police arrived to examine the automobile, they were told that a member of Miller’s family had instructed the body shop to destroy the purported drugs.[1] The article quoted the report of Detective Ken Wellington *1294 (“Wellington”), a Las Vegas Metro police officer, as stating that “it is this officer’s opinion that Councilman Steve Miller was dishonest ... by giving this officer false information about advising the owner . . . not to touch the items.” The article also reported that Wellington’s superior had stated, “I think [Wellington] read too much into the conversation.” However, this last statement was deleted from the reproduction of the article contained in the flier.
The summary of this article printed in the campaign flier stated, “A police detective accuses Miller of giving false information in a report concerning cocaine found in a car Miller was driving.”
On May 3, 1991, Miller’s attorney sent Jones a letter demanding a retraction of the allegation that Miller had driven an automobile in which cocaine was discovered. The letter asserted that “this allegation is made without any justification and is absolutely false in nature.” On May 6, 1991, Miller’s attorney wrote Jones another letter, sent by facsimile, which stated that if Jones did not publicly retract the statement at issue by 1 p.m. on that date, Miller would file suit against Jones.
On May 6, 1991, Jones’ attorney sent a reply to this letter in which he stated that
[t]o the extent that the typewritten descriptive which accompanied the reprint of the article may be read to infer that cocaine was found in the vehicle at a time when the Councilman was driving the Porsche, you are correct that the statement could be misconstrued and our client did not, and does not intend to imply that such was the case. . . .
Please consider the foregoing as complying with your retraction demand and convey the apologies of Ms. Jones and her campaign staff for any misunderstanding.
In separate correspondence that same day, Jones agreed to make this letter of retraction public.
Nonetheless, on May 6, 1991, Miller filed an action in the district court against Jones for defamation, intentional infliction of emotional distress (“IIED”), and negligent infliction of emotional distress. On May 24, 1991, Jones filed her answer and counterclaim for abuse of process.
On March 5, 1993, Jones moved for summary judgment, with respect to Miller’s complaint only, on the grounds that the allegedly defamatory statement was either true or made without actual malice. Jones argued that the statement was true based upon Miller’s testimony, during his deposition, that he had driven the car around the block before his daughter purchased it.[2] On *1295 April 19, 1993, the district court granted Jones’ motion for summary judgment and ordered Miller to pay Jones $1,164.80 in costs and $20,000.00 in attorney’s fees. The court also filed thorough findings of fact and conclusions of law in support of its order granting summary judgment. However, these findings did not make any mention of facts supporting the award of attorney’s fees and costs. On April 26, 1993, the district court filed supplemental findings of fact which stated that attorney’s fees were awarded because Miller’s complaint “was brought without reasonable grounds.”
On May 20, 1993, Miller filed a notice of appeal from the district court’s order of summary judgment. On January 18, 1994, this court dismissed the appeal without prejudice on the grounds that the district court’s order did not constitute a final judgment because Jones’ counterclaim had not been resolved. Furthermore, the district court had not certified its judgment as final pursuant to NRCP 54(b).
On March 14, 1994, Miller filed a motion to reconsider the order granting summary judgment in light of this court’s decision in Posadas v. City of Reno, 109 Nev. 448, 851 P.2d 438 (1993), which had been published shortly after the district court granted Jones’ motion for summary judgment. In addition, each party moved for partial summary judgment in his or her favor with respect to Jones’ counterclaim. On August 26, 1994, the district court filed an order denying Miller’s motion to reconsider and denying both Miller’s and Jones’ motions for summary judgment. This order also purported to certify the judgment as final pursuant to NRCP 54(b).
On September 16, 1994, Miller filed a notice of appeal from the district court’s order of August 23, 1994. On May 26, 1995, this court again filed an order dismissing the appeal without prejudice on the grounds that unresolved issues remained with respect to Jones’ counterclaim.
On May 31, 1995, the district court filed an order dismissing Jones’ counterclaim pursuant to a stipulation between the parties. On July 2, 1996, Miller filed his timely notice of appeal from this order and from the underlying orders granting summary judgment in Jones’ favor and denying Miller’s motion to reconsider.

DISCUSSION

Miller first contends that because genuine issues of material fact remain as to whether the statement at issue was false and *1296 made with actual malice, the district court erred by granting Jones’ motion for summary judgment. We agree.
It is well settled that summary judgment should be granted only when, based upon the pleadings and discovery on file, no genuine issue of material fact exists for trial. NRCP 56(c). A genuine issue of material fact exists when a reasonable jury could return a verdict for the non-moving party. Posadas v. City of Reno, 109 Nev. 448, 452, 851 P.2d 438, 441-42 (1993). While we construe the pleadings and proof in the light most favorable to the non-moving party, that party is not entitled to build its case on “gossamer threads of whimsy, speculation, and conjecture.” Id. We review orders granting summary judgment de novo. Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992).
In order to prevail on his defamation claim, Miller must prove, inter alia, that the statement published in Jones’ campaign flier was a false statement of fact, as opposed to a statement of opinion. Wellman v. Fox, 108 Nev. 83, 87, 825 P.2d 208, 210 (1992). Ordinarily, the question of whether a statement is defamatory is one of law. However, where a statement is susceptible of multiple interpretations, one of which is defamatory, the resolution of this ambiguity is left to the finder of fact. Posadas, 109 Nev. at 453, 851 P.2d at 442. Furthermore, it is left to the factfinder to determine whether the statement, if defamatory, is false. Id.
In this case, Jones argues that because the statement at issue was published in the context of a political campaign, it would have been read as a statement of opinion. The district court determined that “[t]he written material concerning the Plaintiff and published by the Defendant consists, in part, of statements of fact that are true and, in part, the expression of opinion, or political hyperbole, published in the course of a campaign for public office.” However, we conclude that both the text of the statement and the context of the flier in which it appeared indicate that as a matter of law, the statement was intended as a factual assertion. We further conclude that genuine issues of material fact remain as to whether the statement was false.
The allegedly defamatory statement purported to summarize the contents of the newspaper report by stating that “[a] police detective accuses Miller of giving false information in a report concerning cocaine found in a car Miller was driving.” This statement contains no language which would alert the reader that the statement is merely one of opinion. Furthermore, the truth or fal *1297 sity of the matter asserted by this statement is, at least in principle, objectively verifiable; the statement that “cocaine was found in a car Miller was driving” is either true or not true. In addition, the statement was contained in a flier which juxtaposed newspaper articles about Miller with statements summarizing the contents of each article. The effect of the reproductions of newspaper reports in the flier is to lend the contents of the flier an air of accuracy; the reports seem designed to indicate to the reader that the points made by the flier are not merely Jones’ opinion, they are independently reported and verified facts. Therefore, we conclude that as a matter of law, the statement at issue here is an unequivocally factual assertion which, if untrue, is defamatory.-[3]
The United States Supreme Court has held that an allegedly defamatory statement “is not considered false unless it ‘would have a different effect on the mind of the reader from that which the pleaded truth would have produced.’ ” Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 517 (1990) (quoting R. Sack, Libel, Slander, and Related Problems 138 (1980)).
In Posadas, the plaintiff was a police officer under investigation for improperly attempting to influence a traffic court proceeding. During the course of this investigation, the plaintiff, while under oath, admitted that he had lied earlier in the investigation. An officer of the defendant municipality issued a press release stating that the plaintiff “admitted he lied under oath.” We agreed that this statement could be construed to mean either that the plaintiff perjured himself or that the plaintiff had admitted under oath to lying on a prior occasion. Because one of these constructions was defamatory and one was not, we held that the jury should determine whether the statement was defamatory. Posadas, 109 Nev. at 451-53, 851 P.2d at 440-42.
We conclude that Posadas is directly analogous to the present case. The phrase “cocaine found in a car Miller was driving” lends itself most naturally to the construction that Miller either drove the car as a matter of course during the relevant time frame, or was driving it at or near the time when cocaine was found in the car. There is no evidence in the record which suggests that this was the case. Miller stated in his deposition that he had driven the car a short distance prior to purchase. Although the statement at issue could be interpreted as stating that cocaine was found in a car which Miller had once driven, this is a strained reading; the verb “was driving” signifies something quite differ *1298 ent than the verb “had driven.” Therefore, we conclude that this statement was at least susceptible to a construction which made untrue factual assertions.
At oral argument, Jones asserted that the flier could accurately have stated: “cocaine found in a car Miller owned,” or “cocaine found in a car Miller had driven.” Miller argues that these phrases would have had the same effect on a reader as the statement which was printed; Miller would have been subject to the same degree of ridicule or obloquy in either case. Therefore, Jones concludes, the flier was not defamatory under Masson.
We conclude that Jones reads Masson too broadly. Jones seems to assume that the above-quoted language from Masson states a test for determining whether a statement is defamatory. However, the court clearly states that this is a test which applies only to the determination of whether a statement is false. Thus, Jones’ unsupported assertion that the statement as published would have subjected Miller to no more ridicule than the truth would have is simply not relevant. The statement at issue seems likely to have created in the mind of the reader a factual scenario at odds with the truth. Therefore, we conclude that under Posadas as well as Masson, genuine issues of material fact exist as to whether the statement at issue here was defamatory.
Miller next asserts that a genuine issue of fact exists as to whether Jones acted with actual malice in publishing the flier at issue. Jones counters that the district court correctly determined that Miller “failed to present any evidence that the written material concerning the plaintiff was published by the defendant with actual malice.’ ’ We conclude that Miller’s argument has merit.
It is well settled that the First Amendment to the United States Constitution
prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with “actual malice” — that is, with knowledge that it was false or with reckless disregard of whether it was false or not.
New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1963). In Curtis Publishing v. Butts, 388 U.S. 130 (1967), the Supreme Court extended these constitutional limitations to cases involving plaintiffs who are “public figures.” Because Miller was an elected official in Las Vegas and a candidate in the Las Vegas mayoral race, he was a public figure at the relevant time and, therefore, must show that Jones published the flier at issue with either *1299 knowledge of its falsity or reckless disregard as to whether the statement was true or not.[4]
We have previously held that a reckless disregard for the truth may be found where “the defendant entertained serious doubts as to the truth of the statement, but published ic anyway.” Posadas, 109 Nev. at 454, 851 P.2d at 443. Recklessness may be established through evidence of negligence, motive, and intent. Id. In Posadas, we held that the totality of the circumstances provided sufficient evidence for a jury to find actual malice. We relied on the fact, that the defendant knew or should have known that the allegedly defamatory statement was capable of a misleading and false construction and on evidence of animosity which the defendant had demonstrated toward the plaintiff.
In the present case, we conclude that the evidence Miller presented to the district court is sufficient to support a jury finding that Jones acted with actual malice in publishing the flier. No mention was made in the article of Miller ever having driven the automobile in question; the article stated only that Miller had purchased the car for a family member. Therefore, Jones had no reason to believe that Miller was driving the car at the time the alleged cocaine was found. Furthermore, the reproduction of the article contained in the flier was cropped in such a manner as to delete certain information favorable to Miller. We conclude that based upon this evidence, a jury could reasonably find that Jones acted with a reckless disregard for the truth in publishing the statement at issue. Accordingly, we conclude that the district court erred in granting Jones’ motion for summary judgment on the defamation cause of action.
Miller next argues that the district court erred by granting summary judgment in Jones’ favor on Miller’s IIED claim. Jones argues that Miller failed to present any evidence showing that he suffered severe or extreme emotional distress. We conclude that Miller’s argument is meritless.
In order to prevail in an IIED claim, a plaintiff must show (1) *1300 extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation. Posadas, 109 Nev. at 456, 851 P.2d at 444 (citing Star v. Rabello, 97 Nev. 124, 125, 625 P.2d 90, 91-92 (1981)).
After a thorough review of the record and the briefs, we conclude that Miller fails to point to any evidence which demonstrates that he suffered from severe or extreme emotional distress. Although Miller stated in his deposition that he was depressed for some time, he did not seek any medical or psychiatric assistance. He presented no objectively verifiable indicia of the severity of his emotional distress. We conclude that Miller’s brief depositional testimony regarding depression was insufficient to raise a genuine issue of material fact as to whether he suffered severe emotional distress. Accordingly, we conclude that the district court did not err in granting summary judgment on the IIED claim.
Miller next argues that the district court abused its discretion in awarding attorney’s fees to Jones. We agree.
NRS 18.010(2)(a) provides that the district court may award attorney’s fees to a prevailing party when “the court finds that the claim . . . was brought without reasonable ground or to harass the prevailing party.’ ’ It is well settled that we will not set aside a trial court’s decision to award attorney’s fees absent an abuse of the district court’s discretion. Nelson v. Peckham Plaza Partnerships, 110 Nev. 23, 26, 866 P.2d 1138, 1139-40 (1994).
In the present case, the district court issued supplemental findings of fact which stated only that Miller’s complaint “was brought without reasonable grounds.” We conclude that this finding is not supported by the record. For the reasons set forth above, Miller’s complaint and the evidence in the case are sufficient to survive Jones’ motion for summary judgment. Miller’s complaint stated a prima facie defamation case. The key factual allegations of the complaint are supported by the record. Jones presented no evidence which suggests that Miller filed his complaint for an improper purpose. Therefore, we conclude that Miller had reasonable grounds to bring the complaint. Accordingly, we conclude that the district court abused its discretion by awarding attorney’s fees to Jones.
For these reasons, we reverse the order of the district court granting summary judgment in Jones’ favor with respect to the defamation claim, affirm with respect to the IIED claim, vacate the district court’s award of attorney’s fees, and remand the case *1301 to the district court for further proceedings consistent with this opinion.[5]
Rose, J., and Wagner, D. J., concur.

 It was never established whether the substance found in the car was cocaine. Miller testified in his deposition that he told the police that the substance was a narcotic because he suspected that the previous owner of the car had a drug problem.

 It is not clear when the purported cocaine was discovered in relation to the time Miller test drove the Porsche. However, Miller did testify that his *1295 daughter sold the automobile three to four months after purchasing it. Therefore, he drove the car within a few months or weeks of the discovery of the possible narcotics.

Our dissenting colleague seems to argue that because the campaign flyer included a reproduction of the newspaper article, which was admittedly not defamatory, the flyer as a whole was not defamatory. However, for the reasons set forth herein, we conclude that questions of fact remain as to whether the statement was defamatory.

 Justice Springer’s dissent argues that the circumstances of this case, including Jones’ offer to make a public apology, demonstrate that Jones did not act with malice. This argument seems to substitute a broad, general notion of malice for the concept of “actual malice,” as defined in New York Times v. Sullivan. We conclude that Jones’ offer to make an apology is simply one factor in the determination of whether the statement was published “with knowledge that it was false or with reckless disregard of whether it was false or not.” New York Times v. Sullivan, 367 U.S. at 279-80.

 The Honorable Richard Wagner, Judge of the Sixth Judicial District Court, was designated by the Governor to sit in place of The Honorable A. William Maupin, Justice. Nev. Const, art. 6, § 4.