**William MASON, Sr., Plaintiff—Appellant,**

v.

**Carol HARTER; University & Community College System of Nevada; University of Nevada, Las Vegas, Defendants—Appellees.**

No. 02–15077.

D.C. No. CV–00–00903–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2003.

Decided March 24, 2003.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

MEMORANDUM *

Because the facts are familiar to the parties involved, we recount them only as necessary to explain our decision.

1. Mason failed adequately to preserve his 42 U.S.C. § 1983 claim. The only theory articulated in his appellate brief underlying that claim is that Mason was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

retaliated against for his anti-gay e-mail. In his opposition to summary judgment, however, Mason did not raise any freedom of speech issue and did not connect the cancellation of the motorcycle program or his e-mail account with his § 1983 claim. He cannot raise the speech retaliation issue for the first time on appeal. *See Ganis Credit Corp. v. Anderson (In re Jan Weilert RV, Inc.),* 315 F.3d 1192, 1199 (9th Cir.2003). Further, the district court had no obligation to search through the record looking for potentially supportive facts and theories for Mason's case. *See Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir.2001).

2. Mason has failed to submit evidence establishing that President Harter acted with "actual malice" when she called him a bigot, and therefore has not met his evidentiary burden on the defamation claim.

 A showing of actual malice requires proof that Harter knew that her statement was false or spoke with reckless disregard for whether it was false or not. *See N.Y. Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Mason's e-mail suggested that homosexuality was a "mental illness" and called the school-sponsored Coming Out Day "trash." These statements are fairly characterized as exhibiting intolerant views of lesbian, bisexual, gay, and transgender people as a group. There was therefore a reasonable basis for Harter to conclude that Mason is a "bigot," meaning "[a] person obstinately and unreasonably wedded to a particular ... opinion." *See* Oxford English Dictionary 185 (2d ed. 1989). Harter was not obligated to investigate Mason's private life before stating that he was a "bigot." *See Standing Comm. on Discipline v. Yagman,* 55 F.3d 1430, 1440 (9th Cir.1995) (holding that the First Amendment protects an individual from being punished for accusing a judge of "anti-Semitism," when

there is some factual basis for that opinion); *see also Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 332, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) ("[M]ere proof of failure to investigate, without more, cannot establish reckless disregard for the truth.").

Even if Harter's statement was false, there is no evidence that she knew it was false. And, because she had a basis for assuming that Mason was a bigot when she made the statement, she did not recklessly disregard the truth.

3. The district court properly granted summary judgment on Mason's intentional infliction of emotional distress claim. Mason failed to provide evidence of the "severe or extreme emotional distress" required to make out such a claim. *See Miller v. Jones,* 114 Nev. 1291, 970 P.2d 571, 577 (1998) (rejecting on summary judgment the plaintiff's claim for intentional infliction of emotional distress because he "did not seek any medical or psychiatric assistance" and "presented no objectively verifiable indicia of the severity of his emotional distress").

**AFFIRMED.**