**Patricia Neale WATSON,**
**Plaintiff–Appellant,**

v.

**LAS VEGAS VALLEY WATER DISTRICT, Defendant–Appellee.**

No. 06–15739.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2008.

Filed March 4, 2008.

John J. Tofano, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Derrick Penney, Esq., Hall Jaffe & Clayton, LLP, Las Vegas, NV, for Defendant–Appellee.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK,* District Judge.

### MEMORANDUM**

Patricia Neale Watson appeals the district court's judgment dismissing her claims against her former employer, the Las Vegas Valley Water District ("the District"). The district court granted the District's motion for summary judgment on Watson's claims of hostile environment and intentional infliction of emotion distress,

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and granted its motion for judgment as a matter of law on her retaliation claim. We have jurisdiction, *see* 28 U.S.C. § 1291; reviewing *de novo, see Fichman v. Media Ctr.,* 512 F.3d 1157, 1159 (9th Cir.2008) (summary judgment); *Summers v. Delta Air Lines, Inc.,* 508 F.3d 923, 926 (9th Cir.2007) (judgment as a matter of law), we affirm.

## I. Hostile Environment

Watson's hostile environment claim was based on three incidents: (1) a December 4, 1998 incident involving co-worker Dan Nguyen, (2) a March 18, 1999 incident involving supervisor David Rexing, and (3) a May 14, 1999 incident involving supervisor John Fronk. We assume the parties' familiarity with the circumstances of each incident. As Watson does not challenge the district court's conclusion that the latter two incidents were not based on Watson's sex, we address only the December 4th incident.

To defeat summary judgment on a hostile environment claim, a plaintiff must demonstrate genuine issues of fact as to (1) the existence of the hostile environment and (2) the employer's liability for the environment. *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1112 (9th Cir.2004). The district court held that Watson failed to offer sufficient evidence of an actionable hostile environment, but we find it unnecessary to resolve that issue. *See Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995) ("We may affirm the decision of the district court on any basis which the record supports."). Even assuming that a reasonable jury could find that the December 4th incident was sufficiently severe to "to alter the conditions of [Watson's] employment and create an abusive work environment," *Stanley v. Trustees of Cal. State Univ.,* 433 F.3d 1129, 1137 (9th Cir.2006), summary judgment in favor of the District was nonetheless appropriate.

"If ... the harasser is merely a co-worker, the plaintiff must prove that the employer was negligent, *i.e.* that the employer knew or should have known of the harassment but did not take adequate steps to address it." *Swinton v. Potomac Corp.,* 270 F.3d 794, 803 (9th Cir.2001). Thus, an employer may "avoid liability for [co-worker] harassment by undertaking remedial measures 'reasonably calculated to end the harassment.'" *McGinest,* 360 F.3d at 1120 (quoting *Ellison v. Brady,* 924 F.2d 872, 882 (9th Cir.1991)). Here, the District's response to the December 4th incident was prompt and effective: Nguyen was interviewed, admitted his grossly inappropriate conduct and received an unpaid, one-day suspension; neither he nor any other employee has engaged in similar conduct since. On these facts, we are satisfied that the District's response was adequate as a matter of law. We find no merit in Watson's contention that the District was obliged to interview the other female employees present during the incident.

## II. Intentional Infliction of Emotional Distress

Under Nevada law, "[t]he elements of a cause of action for intentional infliction of emotional distress are: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Shoen v. Amerco, Inc.,* 111 Nev. 735, 896 P.2d 469, 476 (1995) (citation and internal quotation marks omitted). We agree with the district court that Watson failed to offer any evidence regarding the second element. *See Alam v. Reno Hilton Corp.,* 819 F.Supp. 905, 911 (D.Nev.1993) ("[T]he stress must be so severe and of such intensity that no reasonable person

could be expected to endure it." (citing *Nelson v. City of Las Vegas,* 99 Nev. 548, 665 P.2d 1141, 1145 (1983))); *Burns v. Mayer,* 175 F.Supp.2d 1259, 1268 (D.Nev. 2001) ("General physical or emotional discomfort is insufficient to demonstrate severe emotional distress." (citing *Chowdhry v. NLVH, Inc.,* 109 Nev. 478, 851 P.2d 459, 462 (1993))). While Watson referred to a Dr. Zedek in response to an interrogatory, there is no evidence regarding the nature of Dr. Zedek's diagnosis or treatment, if any. *Cf. Miller v. Jones,* 114 Nev. 1291, 970 P.2d 571, 577 (1998) ("We conclude that Miller's brief depositional testimony regarding depression was insufficient to raise a genuine issue of material fact as to whether he suffered severe emotional distress.").

### III. Retaliation

■ "In order to establish a prima facie case of retaliation, [the plaintiff] must demonstrate that (1) she had engaged in protected activity; (2) she was thereafter subjected by her employer to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action." *Porter v. California Dep't of Corr.,* 419 F.3d 885, 894 (9th Cir.2005). It is undisputed that Watson's 1998 lawsuit and her numerous internal and EEOC/NERC complaints constituted protected activities.

■ With respect to adverse employment action, Watson focuses primarily on co-worker harassment. "Title VII's protection against retaliatory discrimination extends to employer liability for co-worker retaliation that rises to the level of an adverse employment action." *Fielder v. UAL Corp.,* 218 F.3d 973, 985 (9th Cir. 2000), *vacated on other grounds,* 536 U.S. 919, 122 S.Ct. 2583, 153 L.Ed.2d 773 (2002); *see also Ray v. Henderson,* 217 F.3d 1234, 1245 (9th Cir.2000) ("Harassment is obviously actionable when based on race and gender. Harassment as retaliation for engaging in protected activity should be no different[.]"). However, employers are not vicariously liable for retaliatory harassment by co-workers; rather, it is only the employer's encouragement or toleration of such harassment that may constitute an adverse employment action. *See Fielder,* 218 F.3d at 984 ("Adverse employment actions include 'employer actions such as ... *toleration of harassment by other employees.*'" (quoting *Wyatt v. Boston,* 35 F.3d 13, 15–16 (1st Cir.1994) (emphasis in *Fielder*))); *id.* ("Nothing indicates why a different form of retaliation—namely, retaliating against a complainant by *permitting her fellow employees to punish her* for invoking her rights under Title VII—does not fall within the statute." (quoting *Knox v. Indiana,* 93 F.3d 1327, 1334 (7th Cir.1996) (emphasis added))). Here, there is no evidence that the District encouraged or condoned any of the alleged harassment.

■ Watson also offered evidence of acts attributable to the District, such as a reassignment of duties in August 2000. Assuming *arguendo* that these acts individually or collectively rose to the level of adverse employment actions—*compare Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 919 (9th Cir.1996) ("[W]e decline to view Nidds' transfer to [another] department as an adverse employment action[.]"), *with Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987) ("Transfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions'[.]")—we agree with the district court that there was no evidence suggesting that the District's actions were motivated by retaliatory animus.

**AFFIRMED.**