**Joni WILSON, Plaintiff–Appellant,**

v.

**Burr OTTO, Defendant–Appellee.**

**No. 07–15647.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Oct. 28, 2008.

Rebecca Bruch, Esq., Erickson Thorpe & Swainston Ltd., Reno, NV, for Defendant–Appellee.

Before: GOODWIN, BEEZER, and BYBEE, Circuit Judges.

MEMORANDUM **

The facts and procedural history of this case are known to the parties and we do

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not repeat them here. Plaintiff Joni Wilson appeals the district court's grant of summary judgment in favor of defendant Burr Otto. Before the district court, Wilson sought relief under 42 U.S.C. § 1983, asserting that Otto's conduct violated both her free speech rights under the First Amendment and her right to equal protection of the law under the Fourteenth Amendment. Wilson also alleged that Otto's conduct rendered him liable under Nevada law for intentional infliction of emotional distress and negligent infliction of emotional distress. Before this court, Wilson does not challenge the district court's grant of summary judgment on her equal protection claim. We affirm the district court's judgment on Wilson's remaining claims.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must demonstrate that she was deprived of a constitutional right by a person acting under color of law. In order to state a claim for violation of the First Amendment, a public employee must show that she (1) engaged in protected speech, (2) suffered an adverse employment action, and (3) that her speech was a "substantial or motivating factor" for the adverse employment action. *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003). In the context of First Amendment claims, conduct towards a public employee constitutes an adverse employment action if it is "reasonably likely to deter" the plaintiff from engaging in protected speech. *Id.* at 975–76.

In this case, Otto was a co-employee of Wilson without any supervisory authority over her. We nonetheless assume without deciding that at least some of Otto's alleged conduct satisfies the "color of law" requirement applicable to § 1983 claims. ■ None of the acts Wilson alleges, taken singularly or together, constitute an adverse employment action against Wilson. We have consistently held that ostracism

and unfriendly treatment at the hands of a co-employee does not constitute an adverse employment action. *See, e.g., Coszalter,* 320 F.3d at 975–76; *Nunez v. City of Los Angeles,* 147 F.3d 867, 875 (9th Cir.1998). Because Wilson's claim that she was subjected to a "hostile environment" does not appear to be based on any facts independent of her other claims, it similarly fails.

Wilson's argument that Otto's alleged inappropriate acts towards his students constitutes adverse employment action against her fares no better. As a threshold matter, Wilson cites no authority for the proposition that an adverse employment action can be based on a nonsupervisory co-employee's acts towards an unrelated third party. Under these circumstances, no reasonable person would have felt deterred from complaining further, particularly since the school's principal conveyed to Otto that some of his behavior was inappropriate and encouraged Wilson to report any difficulties that she had with him.

Wilson's allegations that Otto inappropriately touched *her* also do not suffice as an adverse employment action. Wilson alleges that Otto placed his hand on her shoulder to console her about the loss of a family member, and that Otto rubbed against her while reaching around her on a ladder to attach wallpaper. This is not remotely the sort of conduct that would be "reasonably likely to deter" a person from engaging in protected speech.

■ We similarly reject Wilson's claim of intentional infliction of emotional distress. Under Nevada law, to state a claim for intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emo-

tional distress; and (4) causation." *Miller v. Jones*, 114 Nev. 1291, 970 P.2d 571, 577 (1998). "[E]xtreme and outrageous conduct is that which is outside all bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks omitted).

The district court held that Otto's alleged conduct did not satisfy the first element, and we agree. The alleged conduct does not constitute behavior that is "utterly intolerable in a civilized community," even if some or all of it was retaliatory in nature.

Finally, the district court correctly dismissed Wilson's claim for negligent infliction of emotional distress. "[I]n cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1387 (1998). Nothing in the record demonstrates that Wilson suffered physical injury or illness.

AFFIRMED.