# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FIRE INSURANCE EXCHANGE, Appellant, vs. EFFICIENT ENTERPRISES, INC. D/B/A EFFICIENT ELECTRIC, Respondents. | No. 60555 |

FILED

JUN 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## *ORDER REVERSING IN PART, VACATING IN PART AND REMANDING*

This is an appeal from a district court judgment on a jury verdict in a negligence and abuse of process action. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

After appellant Fire Insurance Exchange (FIE) covered its insureds' house fire claim, FIE sued respondent Efficient Enterprises, Inc., the company that had installed the electrical components in the home during original construction, in a subrogation action for negligence and breach of express and implied warranties. Efficient counterclaimed for abuse of process, asserting that FIE had instituted the lawsuit solely to boost its subrogation recovery figures and without proper investigation, during which it would have discovered that the insureds had materially modified the electrical wiring system and thereby caused the fire. The warranty claims were resolved on summary judgment in favor of Efficient, the jury found in favor of Efficient on the negligence claim, and the jury

determined that FIE had abused process in suing Efficient. Thereafter, the district court awarded Efficient attorney fees and costs, and FIE appealed. On appeal, FIE challenges an evidentiary ruling concerning collateral source evidence, the district court's refusal to grant judgment as a matter of law on the abuse of process claim and the sufficiency of the evidence on which the jury's verdict was based, and the district court's award of attorney fees and costs under NRS Chapter 18.

*Judgment as a matter of law*

Judgment as a matter of law should be granted if the opposing party fails to present a sufficient issue for the jury, such that the claim cannot be demonstrated under controlling law. *FGA, Inc. v. Giglio*, 128 Nev. 271, 287-88, 278 P.3d 490, 500 (2012). The district court's denial of a motion for judgment as a matter of law is reviewed de novo. *Id.* We conclude that judgment as a matter of law should have been granted on Efficient's abuse of process claim because Efficient failed to present an issue of damages to the jury, and thus we reverse the court's judgment. As a result, we need not discuss FIE's remaining contentions as to the abuse of process claim.

The tort of abuse of process protects the courts and is comprised of (1) "an ulterior purpose" behind issuing process, and (2) "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Land Baron Invs. v. Bonnie Springs Family LP*, 131 Nev., Adv. Op. 69, 356 P.3d 511, 519 (2015) (internal quotation marks omitted); *see also LaMantia v. Redisi*, 118 Nev. 27, 31, 38 P.3d 877, 880 (2002). In addition, proof of damages is required. *Bull v. McCuskey*, 96 Nev. 706, 710-11, 615 P.2d 957, 960-61 (1980) (noting that damages for

abuse of process must be shown to have proximately resulted from the defendant's conduct), *abrogated on other grounds by Ace Truck & Equip. Rentals, Inc. v. Kahn,* 103 Nev. 503, 746 P.2d 132 (1987); *see also Peterson v. Wiesner,* 62 Nev. 184, 203, 146 P.2d 789, 797 (1944) ("The amount of compensatory damages, whether general or special, must be proved."); *Bellevue Farm Owners Ass'n v. Stevens,* 394 P.3d 1018, 1024-25 (Wash. Ct. App. 2017) (referring to the Restatement (Second) of Torts § 682 (1977) and concluding that, "[w]here the claimant seeks damages for attorney fees and costs incurred as a result of abuse of process, those damages are an element of the tort cause of action that the claimant must prove and the fact finder must determine"); Restatement (Second) of Torts § 682 ("One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.").[1] FIE contests the judgment as to all three requirements, but we resolve this appeal on the third requirement, damages.

As a result of a discovery sanction, no evidence as to damages was presented to the jury. Thus, Efficient failed to introduce evidence legally sufficient to support its abuse of process claim, and the district court should have granted FIE judgment as a matter of law. *Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n,* 117 Nev. 948, 957, 35 P.3d 964, 969 (2001) ("[T]he party claiming fees as damages must prove the fees as to each claim."), *receded from on other grounds by Horgan v. Felton,* 123

---

[1]Efficient has made no argument that damages may be presumed in this case or that an award of nominal damages was warranted.

Nev. 577, 170 P.3d 982 (2007). Accordingly, the judgment in favor of Efficient for attorney fees and costs, to the extent awarded as damages for abuse of process, is reversed.

*Attorney fees and costs*

Efficient argues, however, that the attorney fees and costs were awarded not as special damages, but as a cost of litigation. *See Sandy Valley*, 117 Nev. at 955-56, 35 P.3d at 968-69 (explaining "the difference between attorney fees as a cost of litigation and attorney fees as an element of damage"). Although FIE argues that, without an affirmative recovery, Efficient may not recover attorney fees, we disagree. NRS 18.010(2)(b) allows an award of attorney fees for the pursuit and maintenance of frivolous claims and defenses "[w]ithout regard to the recovery sought." *See Smith v. Crown Fin. Servs. of Am.*, 111 Nev. 277, 286, 890 P.2d 769, 775 (1995) (distinguishing subsection (2)(b) of NRS 18.010 from subsection (2)(a) on the basis that it does not require a money judgment, whereas (2)(a) does). But, because we reverse the judgment in favor of Efficient on its abuse of process counterclaim, to the extent that the district court found FIE's claims and defenses frivolous and awarded attorney fees under NRS 18.010(2)(b), it must revisit this determination.

A frivolous, or groundless, claim is one not supported by "any credible evidence at trial." *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998) (internal quotation marks omitted). Here, FIE's negligence claim survived motions for summary judgment and judgment as a matter of law, suggesting that the claim was supportable, although its warranty claims did not. *See id.*; *Miller v. Jones*, 114 Nev. 1291, 1300, 970 P.2d 571, 577

(1998) (explaining that no basis for an NRS 18.010 award based on frivolity exists when the claim survives a motion for summary judgment, the key factual allegations of the complaint are supported by the record, and no evidence is presented that suggests that the complaint was filed for an improper purpose); *Lowery v. Jefferson Cty. Bd. of Educ.*, 586 F.3d 427, 438 (6th Cir. 2009) (explaining that when a motion for judgment as a matter of law has been denied, "[i]t generally will be difficult to deem a claim frivolous 'where the plaintiff has . . . presented sufficient evidence at trial to prevent the entry of a judgment against him as a matter of law'" (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 771 (2d Cir. 1998))). Further, in light of the fact that FIE should have been granted judgment as a matter of law on the abuse of process counterclaim, attorney fees were not available under NRS 18.010 with respect to that counterclaim because FIE did not maintain a baseless defense and Efficient is not a prevailing party. *See generally Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 563 (1993) (noting that in awarding attorney fees under NRS 18.010(2)(b), the court must allocate the costs between the grounded and groundless claims).

Moreover, the district court failed to explain its frivolity finding in any way, and at trial, FIE presented expert testimony supporting its negligence claim by concluding that the fire originated with the wiring in a closed-off, unmodified area of the house and that the wiring was defectively installed when the house was built. Accordingly, as the district court failed to explain its frivolity finding, we conclude that the award must be vacated and the matter remanded for a new determination of whether, and in what amount given the outcome of the parties' various

SUPREME COURT
OF
NEVADA

(O) 1947A

5

claims, attorney fees are warranted under NRS 18.010(2)(b). In light of this order, the award of costs is likewise vacated, and we remand for a new costs determination as well.

Based on the above, we

ORDER the judgment of the district court REVERSED in part and VACATED in part AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. David B. Barker, District Judge
Salvatore C. Gugino, Settlement Judge
Feldman Graf
Marquiz Law Office
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A