NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GHASSAN HOUBOUS BOUARI,

　　　　　Plaintiff-Appellant,

　v.

UNITED STATES OF AMERICA,

　　　　　Defendant-Appellee.

No.　21-16762

D.C. No.
2:21-cv-00226-JCM-VCF

MEMORANDUM[*]

GHASSAN HOUBOUS BOUARI,

　　　　　Plaintiff-Appellant,

　v.

UNITED STATES OF AMERICA;
CHARLES RO, FBI; DENNIS LAO, FBI;
ELENA IATAROLA, FBI,

　　　　　Defendants-Appellees.

No.　21-16763

D.C. No.
2:18-cv-00219-JCM-BNW

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 9, 2022
Pasadena, California

---

　　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: BERZON, R. NELSON, and BADE, Circuit Judges.
Dissent by Judge BERZON.

In these two cases, consolidated for appeal,[1] Appellant Ghassan Houbous Bouari asserted malicious prosecution and intentional infliction of emotional distress (IIED) claims against the United States under the Federal Tort Claims Act (FTCA), and Fourth Amendment unlawful seizure claims against two FBI agents under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1972). In both cases, Bouari alleged that he was arrested, indicted, and held in pretrial detention for 560 days without probable cause before the government dismissed the charges against him.[2] The government moved to dismiss Bouari's FTCA and *Bivens* claims, and the district court granted both motions. Bouari timely appealed. We review a district court's grant of a motion to dismiss de novo, *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018), and we affirm.

"Want of probable cause" is a necessary element of Bouari's malicious prosecution claims. *See Thompson v. Clark*, 142 S. Ct. 1332, 1337–38 (2022) (requiring "wrongful initiation of charges without probable cause" for constitutional

---

[1] These appeals, which were consolidated for argument, are now consolidated for disposition.

[2] In the dismissed charges the government alleged that Bouari participated in a money laundering scheme, and a federal grand jury returned an indictment charging Bouari with aiding and abetting and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(3)(A)–(B) and 18 U.S.C. § 2.

2

malicious prosecution claim); *Jordan v. Bailey*, 944 P.2d 828, 834 (Nev. 1997) (requiring "want of probable cause" for the Nevada tort of malicious prosecution). The district court found that the facts, as alleged in Bouari's complaints, constituted probable cause to prosecute him.

We agree. Bouari was charged with two counts in the indictment.[3] Count Twelve charged Bouari and his half-brother (the primary defendant in the scheme) with money laundering and "aiding and abetting one another and others."[4] Aiding and abetting under 18 U.S.C. § 2 requires "(1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense." *United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988). "Intent [to aid and abet a crime] can be inferred

---

[3] We may consider the indictment because Bouari's complaints incorporate it by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

[4] Bouari contends that the district court erred in finding that he was charged with one offense in Count Twelve: aiding and abetting money laundering. He argues that Count Twelve charged him with two offenses: substantive money laundering and aiding and abetting, as a separate offense. But "there is no distinction between aiding-and-abetting liability and liability as a principal under federal law. 'Aiding and abetting is not a separate offense; it is simply one means of committing the underlying crime.'" *Young v. United States*, 22 F.4th 1115, 1122 (9th Cir. 2022) (quoting *Ortega-Lopez v. Barr*, 978 F.3d 680, 687 n.9 (9th Cir. 2020)). The district court therefore did not err by identifying only one charge against Bouari in Count Twelve: aiding and abetting money laundering.

3

from circumstantial evidence." *United States v. Vaccaro*, 816 F.2d 443, 455 (9th Cir. 1987), *abrogated on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988).

Count Thirteen charged Bouari and others with conspiracy to commit money laundering. Money laundering conspiracy under 18 U.S.C. § 1956(h) requires (1) an agreement to commit money laundering; (2) that the defendant knew the objective of the agreement; and (3) that the defendant joined the agreement with the intent to further its unlawful purpose. *United States v. Jaimez*, 45 F.4th 1118, 1124 (9th Cir. 2022). "A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions." *United States v. Batimana*, 623 F.2d 1366, 1368 (9th Cir. 1980).

Bouari acknowledges that he brought a money counting machine to his half-brother's hotel room where $60,000 in illicit funds were counted. And he remained in the hotel room after bringing the money counting machine while the money was counted. As the district court found, these facts, as alleged by Bouari, are sufficient evidence to find that probable cause supported the charges that Bouari committed aiding and abetting money laundering, and conspiracy to commit money laundering, as alleged in Counts Twelve and Thirteen of the indictment.[5]

---

[5] The district court also took judicial notice of a statement made by Bouari's half-brother that was not necessary to its holding, but "buttress[ed]" its finding of probable cause. Although the allegations in Bouari's complaint are sufficient to find

Bouari argues that the district court erred in finding probable cause supported the charges because aiding and abetting and conspiracy require that the defendant had the intent necessary to commit the underlying offense—money laundering—and he did not have that intent. But the intent required for aiding and abetting or conspiracy can be satisfied with circumstantial evidence. *Vaccaro*, 816 F.2d at 455; *Batimana*, 623 F.2d at 1368. And a finding of probable cause does not require evidence sufficient to support a conviction. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) ("[Probable cause] requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." (internal quotation marks and citation omitted)). Moreover, the intent "to promote the carrying on of specified unlawful activity" or the intent "to conceal or disguise . . . property believed to be the proceeds of specified unlawful activity" is sufficient for the underlying money laundering offense. 18 U.S.C. § 1956(a)(3)(A)–(B). Bouari's actions constitute circumstantial evidence to supply probable cause to believe that Bouari had this intent.[6] Contrary to the dissent's assertion, Bouari's actions are, at

---

probable cause, we also hold that the district court did not abuse its discretion by judicially noticing this statement because the district court noticed the statement only for its existence and not for what it asserted. *See Khoja*, 899 F.3d at 999–1001; *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

[6] Bouari's allegation that the FBI agents falsely testified that they represented to Bouari that the money was illicit does not change this conclusion because the representation requirement under § 1956(a)(3) is not a necessary element of aiding and abetting or conspiracy. *See Rosemond v. United States*, 572 U.S. 65, 73 (2014)

a minimum, "slight, even marginal" evidence to "create a reasonable inference" that Bouari had this intent—and that is enough for probable cause. *State v. Boueri*, 672 P.2d 33, 36 (Nev. 1983); *see also Vaccaro*, 816 F.2d at 455; *McFadden v. United States*, 576 U.S. 186, 192 n.1 (2015) (mental state can be proven based on circumstantial evidence, including the suspect's actions).

Like the district court, we also find that Bouari's IIED claim fails because IIED requires extreme and outrageous conduct. *See Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998) (stating the elements of an IIED claim under Nevada law). Here, however, Bouari's arrest, subsequent indictment, and pretrial detention were not extreme and outrageous because the prosecution was based on probable cause. Likewise, because there was probable cause, we need not reach the question of whether Bouari's *Bivens* claim for Fourth Amendment malicious prosecution is cognizable or whether the agents were entitled to qualified immunity.

**AFFIRMED.**

---

("A defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense." (cleaned up)); *Salinas v. United States*, 522 U.S. 52, 64 (1997) ("A person, moreover, may be liable for conspiracy even though he was incapable of committing the substantive offense.").

*Ghassan Houbous Bouari v. United States of America*, Nos. 21-16762, 21-16763

BERZON, Circuit Judge, dissenting:

I respectfully dissent.

The government did not establish probable cause for the aiding and abetting and conspiracy charges against Bouari. Not "enough evidence [was presented] to create a reasonable inference" that Bouari had the requisite intent under the applicable statutes. *State v. Boueri*, 99 Nev. 790, 795 (1983).

To be criminally liable for aiding and abetting or conspiracy, a defendant must have the same intent as that necessary for the underlying substantive offense. *See United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988); *United States v. Collazo*, 984 F.3d 1308, 1320 (9th Cir. 2021). 18 U.S.C. § 1956(a)(3) states that an individual convicted of money laundering must either have the intent "to promote the carrying on of *specified unlawful activity*" or the intent "to conceal or disguise . . . property believed to be the proceeds of *specified unlawful activity*" (emphasis added).[1] The statute defines the term "specified unlawful activity," listing the qualifying crimes at 18 U.S.C. § 1956(c)(7). There is no evidence sufficient to support probable cause that Bouari knew that the money at issue was

---

[1] The third option for specific intent under 18 U.S.C. § 1956(a)(3)—"to avoid a transaction reporting requirement under State or Federal law"—is not relevant here.

1

derived from drug trafficking and sex trafficking, the unlawful activities specified by the government in the indictment.

Bouari's complaint alleged that he did not have any knowledge regarding a specified unlawful activity that generated the funds, and that Ro and Lao had fabricated testimony that Bouari "had been informed that the funds were derived from a specified unlawful activity." Bouari's actions with respect to the money counting machine alone do not supply probable cause that Bouari intended to promote drug and sex trafficking or intended to conceal the proceeds of drug and sex trafficking activities. His half-brother's judicially noticed statements make no reference to any specified unlawful activity and so do not change the calculus. And the government cannot rely on the presumption of probable cause created by the grand jury indictment, because Bouari alleged that the indictment was predicated on false testimony and that there was no other evidence that he knew about the specified unlawful activity. *See Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017). Bouari has thus sufficiently demonstrated at this stage in the proceedings that the government lacked probable cause for the aiding and abetting and conspiracy charges against him.

The government's substantive money laundering theory fares no better.[2] In addition to failing to demonstrate that Bouari possessed the requisite specific intent (as I have explained), the government did not show that a law enforcement officer or an officer's designee represented to Bouari that that the money was the product of specified unlawful activity, as required by the statute.[3] *See* 18 U.S.C. § 1956(a)(3). Lacking probable cause for two required elements of the substantive theory of the offense, the government did not have sufficient evidence to charge Bouari on that theory on the facts alleged.

For these reasons, I would vacate the district court's order dismissing Bouari's FTCA lawsuit and remand for further proceedings.

---

[2] According to the text of the indictment and the government's concessions, the government charged Bouari under a substantive money laundering theory as well. Count 12 states that "Emile Edward Bouari, and Ghassan Bouari Housbous [sic], . . . aiding and abetting one another and others, . . . did knowingly conduct and attempt to conduct a financial transaction . . . involving property represented by a federal law enforcement officer to be proceeds of specified unlawful activity." As the government explained in its briefing before the district court, "the indictment charged both [Ghassan Bouari] *and* his brother, Emile Bouari, with money laundering *and* aiding and abetting. It does not specify which brother committed the substantive offense and which brother aided and abetted."

[3] Although a defendant can face the same liability whether charged under a substantive or aiding and abetting theory, the majority clearly recognizes, in its discussion of the representation requirement under 18 U.S.C. § 1956(a)(3), that the elements needed to prove the two theories are distinct. *See* Mem. Disp. at 6 n.6.

3