NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN LASZLOFFY,

        Plaintiff - Appellant,

   v.

CINDY ZORAIDA GARCIA; LEON
SYMANSKI; MERCURY
INSURANCE; FRIAS HOLDING
COMPANY, doing business as ANLV Cab
LLC; ANLV CAB LLC, doing business as
ANLV Cab,

        Defendants - Appellees.

No. 24-3934

D.C. No.
2:19-cv-01173-JAD-BNW

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 15. 2025**

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

John Laszloffy appeals pro se from the district court's summary judgment in

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

his diversity action alleging various state law claims arising from an insurance settlement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). We affirm.

The district court properly granted summary judgment on Laszloffy's concert of action claim because Laszloffy failed to raise a genuine dispute of material fact as to whether Garcia and Symanski committed a tortious act or "agreed to conduct an inherently dangerous activity or an activity that poses a substantial risk of harm to others." *Abrams v. Sanson*, 458 P.3d 1062, 1070 (Nev. 2020) (describing elements of a claim for concert of action).

The district court properly granted summary judgment on Laszloffy's defamation and libel claims because Laszloffy failed to raise a triable dispute as to whether the statements in Symanski's letter were untrue. *See Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88 (Nev. 2002) (explaining that a statement is not defamatory "if it is absolutely true, or substantially true"); *see also Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993) (addressing similar requirements for libel).

The district court properly granted summary judgment on Laszloffy's intentional infliction of emotional distress ("IIED") claim because Laszloffy failed to raise a triable dispute as to any of the elements of his claim. *See Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998) (describing elements of an IIED claim).

24-3934

The district court did not abuse its discretion in denying Laszloffy's motion that his requests for admission be deemed admitted or his motion to compel production of Garcia's medical records. *See Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

**AFFIRMED.**