OPINION
 

 Per Curiam:
 

 The question in this case is whether the claims contained in the appellants’ second amended complaint were properly dismissed by the district court. To answer this question, we are called upon to decide whether the exclusive remedy provision of the Nevada Industrial Insurance Act (“NILA”) bars appellants’ claims.
 

 We conclude that the appellants’ claims for damages were properly dismissed as being barred by the exclusive remedy provision of the NHA. However, we conclude that the district court erred by dismissing the appellants’ claim for injunctive relief on the
 
 *872
 
 ground that it was barred by the exclusive remedy provision of the Nil A.
 

 Because this case was dismissed at the pleading stage, the underlying facts are derived from the appellants’ second amended complaint. Appellants (“Employees”) are all employees or former employees of respondent Circus Circus Casinos, Inc. (“Circus Circus”), which operates a hotel-casino in downtown Reno, Nevada. The Employees work in the PBX office, which is the communication switchboard room for the hotel. Prior to 1991, the PBX office was located in the hotel near the casino. In approximately October of 1991, in conjunction with the expansion of the casino, the PBX office was moved to a basement.
 

 After several weeks of working in the new location, the Employees began to complain of noxious fumes accumulating in the PBX office. Many of them became sick to their stomachs, experienced headaches and became dizzy while working.
 

 In the fall of 1992, one of the Employees was hospitalized.
 
 [1]
 
 Some of the Employees underwent medical testing at the behest of Circus Circus. The results of the tests were not made known to the Employees. The Employees continued to complain to Circus Circus management about the poor air quality, the noxious fumes and the physical ailments they were experiencing.
 

 In October of 1996, some of the Employees had their blood gases tested immediately following their shifts, after having worked a full five-day workweek.
 
 [2]
 
 The results of the tests indicated that the carbon monoxide levels in the Employees’ blood streams were dangerously high. Just prior to returning to work from their days off, their blood gases were tested again. At that time, the carbon monoxide levels were within normal limits.
 

 The Employees filed a complaint in the district court alleging various claims of tortious conduct by Circus Circus. The Employees’ first amended complaint alleged the following claims for relief: (1) injunctive relief for failure to provide a safe workplace; (2) intentional infliction of physical harm; (3) failure to advise of a dangerous condition; and (4) negligent infliction of mental and physical damage.
 

 Pursuant to NRCP 12(b)(5), Circus Circus moved to dismiss the second, third and fourth claims for relief. The district court dismissed the third and fourth claims with prejudice as barred by the NILA. The district court dismissed the second claim without prejudice, finding that intentional infliction of physical harm is not a legally cognizable cause of action. The court indicated that while a cause of action is recognized for battery or assault, it had
 
 *873
 
 not been properly set out in the second cause of action. The district court allowed the Employees ten days to amend their complaint to state a cognizable claim for relief.
 

 The Employees then filed their second amended complaint. This complaint contained the same claims for relief as the previous complaint and added three additional claims: (5) battery; (6) intentional infliction of mental harm; and (7) outrage.
 
 [3]
 
 Circus Circus moved to dismiss the second through seventh claims for relief. The district court ultimately found that all of the claims for relief were barred by the exclusive remedy provision of the NIIA and dismissed the entire complaint with prejudice.
 

 On appeal, the Employees contend that the district court erred in dismissing the first, second, third, fifth, sixth and seventh claims for relief.
 
 [4]
 
 They argue that these claims fall outside the scope of the NIIA. Circus Circus contends that the district court properly dismissed the Employees’ entire complaint as barred by the exclusive remedy provision of the NIIA.
 
 [5]
 

 The standard of review for a dismissal under NRCP 12(b)(5) is rigorous as this court ‘ ‘ ‘must construe the pleading liberally and draw every fair intendment in favor of the [non-moving party].’ ” Squires v. Sierra Nev. Educational Found., 107 Nev. 902, 905, 823 P.2d 256, 257 (1991) (quoting Merluzzi v. Larson, 96 Nev. 409, 411, 610 P.2d 739, 741 (1980)). In doing so, we accept all factual allegations contained in the complaint as true.
 
 See
 
 Capital Mortgage Holding v. Hahn, 101 Nev. 314, 315, 705 P.2d 126, 126 (1985). We will not affirm a district court’s dismissal of a complaint for failure to state a claim ‘ ‘unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if
 
 *874
 
 accepted by the trier of fact, would entitle him [or her] to relief.” Edgar v. Wagner, 101 Nev. 226, 228, 699 P.2d 110, 112 (1985).
 

 The exclusive remedy provision of the NIIA provides that “[t]he rights and remedies provided in chapters 616A to 616D, inclusive, of NRS for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive.” NRS 616A.020(1). An injury is defined, in relevant part, as “a sudden and tangible happening of a traumatic nature, producing an immediate or prompt result which is established by medical evidence.” NRS 616A.265(1). NRS 616A.030 defines an accident as “an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury.’ ’ Therefore, “[i]n order for an incident to qualify as an accident, the claimant must show the following three elements: (1) an unexpected or unforeseen event; (2) happening suddenly and violently; and (3) producing at the time, or within a reasonable time, objective symptoms of injury.” Bullock v. Pinnacle Risk Mgmt., 113 Nev. 1385, 1389, 951 P.2d 1036, 1039 (1997).
 

 The second amended complaint alleges that the Employees suffered various ailments resulting from their exposure to the noxious fumes. Normally, the exposure to noxious fumes would be classified as an unexpected and unforeseen event. However, the Employees allege that the exposure to these fumes was the result of intentional conduct by Circus Circus and, therefore, not an accident. We have “recognized that employers do not enjoy immunity, under the exclusive remedy provisions of the workers’ compensation statutes, from liability for their intentional torts. ... An employer who commits an intentional tort upon an employee cannot claim that the intentional act resulted in an accidental injury.” Advanced Countertop Design v. Dist. Ct., 115 Nev. 268, 270, 984 P.2d 756, 758 (1999).
 

 We conclude, however, that the Employees failed to properly plead their intentional torts in order to avoid being barred by the exclusive remedy provision of the NBA. Simply labeling an employer’s conduct as intentional, as the Employees did, will not subject the employer to liability outside workers’ compensation. Sanford v. Presto Mfg. Co., 594 P.2d 1202, 1203 (N.M. Ct. App. 1979). The relevant inquiry is not the degree of negligence or even depravity on the part of the employer, but the more narrow question of whether the specific action that injured the employee was an act intended to cause injury to the employee.
 
 Id.
 
 at 1204.
 

 
 *875
 
 We conclude that the Employees may avoid the exclusive remedy provision of the NIIA in regard to their injuries only if Circus Circus deliberately and specifically intended to injure them.
 
 See
 
 King v. Penrod Drilling Co., 652 F. Supp. 1331, 1334 (D. Nev. 1987); Cerka v. Salt Lake County, 988 F. Supp. 1420, 1421-1422 (D. Utah 1997) (“a showing of knowledge coupled with the substantial certainty that injury will result” is not enough to avoid the exclusive recovery provision of worker’s compensation system); Angle v. Alexander, 945 S.W.2d 933, 935 (Ark. 1997) (“the facts must show the employer had a ‘desire’ to bring about the consequences of the acts or that the acts were premeditated with the specific intent to injure the employee”); Austin v. JohnsManville Sales Corp., 508 F. Supp. 313, 317 (D. Maine 1981) (“Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, . . . [or] willfully failing to furnish a safe place to work, . . . this still falls short of the kind of actual intention to injure that robs the injury of accidental character.”) (quoting 2A Arthur Larson & Lex K. Larson,
 
 Workmen’s Compensation Law
 
 § 68.13 at 13-8, and cases cited in n.11 (1976)); Martinkowski v. Carborundum Co., 437 N.Y.S.2d 237, 238 (Sup. Ct. 1981) (“mere knowledge and appreciation of a risk is not the same as the intent to cause injury”). In this case, the Employees failed to factually allege that Circus Circus acted with deliberate and specific intent to injure them. A bare allegation is not enough. An employee must provide facts in his or her complaint which show the deliberate intent to bring about the injury.
 
 See
 
 Hay v. Hay, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) (“[a] complaint must set forth sufficient facts to establish all necessary elements of a claim for relief”);
 
 see also
 
 6 Larson,
 
 supra,
 
 § 103.04.
 

 The second amended complaint alleges that Circus Circus knew of a condition that was injurious to the Employees, but failed to correct it. This is insufficient to remove their claim from the purview of the exclusive remedy provision of the NIIA. If an employee may exempt his or her claim from the exclusive remedy provision of the NIIA by merely pleading that the employer knew of a condition and failed to remedy it, then the workers’ compensation system would be rendered meaningless. For these reasons, we conclude that the exposure to the noxious fumes was “an unexpected or unforeseen event.’ ’
 

 We further conclude that the exposure to the noxious fumes satisfies the “suddenly and violently” requirement. In American International Vacations v. MacBride, 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983), an employee’s knee “ ‘gave way’ two or three inches, causing a twisting motion and pain and discomfort in his lower back.” The employee continued with his duties, but was
 
 *876
 
 admitted to the emergency room the next morning for back pain. He eventually had to undergo surgery on his back for a rupture of an intervertebral disc caused by the twisting incident at work. This court determined that the incident satisfied the “suddenly and violently” requirement of an accident.
 
 Id.
 
 at 327, 661 P.2d at 1303. In doing so, this court recognized that “[o]ther jurisdictions . . . have construed similar statutory requirements that compensable accidents occur ‘violently’ as properly descriptive of any cause efficient in producing a harmful result.”
 
 Id.
 

 The third requirement of an accident is also satisfied in this case. As previously stated, some of the Employees allegedly became sick to their stomachs, and experienced headaches and dizziness as a result of being exposed to the noxious fumes. Furthermore, the Employees allege that tests revealed that the carbon monoxide levels in the Employees’ blood streams were dangerously high. Therefore, we conclude that the exposure to the noxious fumes produced “at the time, or within a reasonable time, objective symptoms of injury.”
 

 For these reasons, we conclude that the Employees’ alleged injuries are “ injur[ies] by accident sustained arising out of and in the course of the employment.” NRS 616A.020(1). Therefore, the Employees are limited to the remedies provided for under the NIIA.
 
 See id.
 
 Therefore, we affirm the dismissal of the second through seventh claims for relief.
 

 We now turn to the question of the dismissal of the Employees’ claim for injunctive relief contained in their first cause of action.
 
 [6]
 
 We conclude that the exclusive remedy provision of the NIIA does not bar injunctive relief. Therefore, we must reverse that portion of the district court’s order dismissing the Employees’ claim for injunctive relief and remand this case to the district court.
 

 In sum, we conclude that the district court properly dismissed the Employees’ claims for relief seeking damages because the Employees failed to plead facts showing that Circus Circus deliberately and specifically intended to injure them. Therefore, their alleged injuries come within the purview of the NIIA. However, we conclude that the exclusive remedy provision of the NIIA does not bar the Employees’ claim for injunctive relief.
 

 [1]
 

 The record does not reflect the reason for the hospitalization.
 

 [2]
 

 It is unclear from the factual allegations in the complaint whether these tests were done at the behest of Circus Circus, or whether the Employees arranged for the tests themselves.
 

 [3]
 

 We note that the Employees’ sixth and seventh claims for relief, intentional infliction of emotional distress and outrage, are redundant.
 
 See
 
 Star v. Rabello, 97 Nev. 124, 125, 625 P.2d 90, 91 (1981) (recognizing that the torts of intentional infliction of emotional distress and outrage are synonymous).
 

 [4]
 

 The dismissal of the negligent infliction of mental and physical damage claim is not being appealed.
 

 [5]
 

 Circus Circus also contends that the Employees’ second amended complaint violated NRCP 15(a) and the district court’s order because it stated the same claims for relief that were previously dismissed and also added three additional claims for relief without leave of court. The district court’s order dismissing the second amended complaint based upon an analysis of NIIA coverage indicated that the Employees tried to comply with the previous order granting leave to amend to state a “cognizable claim for relief.” Therefore, we determine that the second amended complaint was not filed without leave of court. Even if the second amended complaint had been filed without leave of court, a dismissal without prejudice is all that would have been warranted. The district court ultimately dismissed the entire complaint with prejudice on the ground that all the claims for relief were barred by the exclusive remedy provision of the NIIA.
 

 [6]
 

 The district court’s order summarily dismissed the claim for injunctive relief. Neither the Employees’ nor Circus Circus’s briefs addressed the district court’s dismissal of this claim. However, since the Employees have not advised us that they no longer wish to pursue the dismissal of the claim for relief seeking injunctive relief, we address it here.