**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUS ANAYA,

        Plaintiff - Appellant,

v.

NISSAN NORTH AMERICA, INC.,

        Defendant - Appellee.

No. 09-16722

D.C. No. 2:08-cv-01087-PMP-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted October 7, 2010[**]
San Francisco, California

Before: THOMPSON, SILVERMAN and McKEOWN, Circuit Judges.

Gus Anaya appeals the district court's order granting summary judgment to

the defendant, Nissan North America, Inc. ("Nissan"), in this diversity suit for

defamation and intentional interference with prospective economic advantage. We

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the district court's grant of summary judgment de novo and may affirm on any ground supported by the record. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008). Construing the record in the light most favorable to Anaya and making reasonable inferences on his behalf, we affirm.

Anaya argues Nissan defamed him during a telephone conversation in which a Nissan employee allegedly told Anaya's employer, United Nissan ("United"), that Anaya was a "troublemaker," would be "disruptive," and that United should not promote him to a management position. The district court correctly held that this was a single statement of evaluative opinion which is not actionable. *See Lubin v. Kunin*, 17 P.3d 422, 426 (Nev. 2001) (per curiam).

Anaya also challenges the district court's conclusion that the relevant statutes of limitations bar his claim for intentional interference with prospective economic advantage. However, even if Anaya has raised a material issue of fact as to the date the statutory period began to run, he has not presented evidence sufficient to withstand summary judgment on the merits of his claim. Anaya did not put forth evidence that the comment at the heart of this litigation was not privileged or of actual harm as a result of Nissan's conduct. *See Wichinsky v. Mosa*, 847 P.2d 727, 729-30 (Nev. 1993) (per curiam). Because Anaya has failed to establish a prima facie case for intentional interference with his prospective economic advantage, summary judgment is proper as a matter of law.

**AFFIRMED.**