134 Nev., Advance Opinion 30

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SEAN FITZGERALD,<br>Appellant,<br>vs.<br>MOBILE BILLBOARDS, LLC, A<br>NEVADA LIMITED LIABILITY<br>COMPANY; AND VINCENT<br>BARTELLO, AN INDIVIDUAL,<br>Respondents. | No. 72803<br><br>FILED<br>MAY 03 2018<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY:_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order granting a motion to dismiss in a defamation action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Reversed and remanded.*

Kemp & Kemp and James P. Kemp and Victoria L. Neal, Las Vegas, for Appellant.

Mobile Billboards, LLC, in Pro Se.

Vincent Bartello, in Pro Se.

BEFORE PICKERING, GIBBONS AND HARDESTY, JJ.

18-16766

By the Court, HARDESTY, J.:

In this appeal, we address whether allegedly defamatory statements made by an employer regarding an employee's alleged abuse of the workers' compensation program to obtain prescription pain medication, a violation of NRS 616D.300, are absolutely privileged. While we have recognized that the common law absolute privilege applies to quasi-judicial proceedings, NRS 616D.020 provides a conditional privilege for statements alleging a violation of NRS 616D.300. Because the district court erred in finding that the allegedly defamatory statements in this case were absolutely privileged and did not determine whether the conditional privilege in NRS 616D.020 applied, we reverse the order of dismissal and remand this matter to the district court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Appellant Sean Fitzgerald was employed as a head fleet mechanic by respondent Mobile Billboards, LLC, which is owned by respondent Vincent Bartello (collectively, respondents). Shortly after the start of his employment, appellant sustained a work-related injury. Appellant filed a workers' compensation claim with respondents' insurance company. Thereafter, respondents made statements to the insurance company expressing concern regarding appellant's usage of prescription pain medication, and the insurance company informed appellant of these statements in a letter. The insurance company also repeated the statements to appellant's workers' compensation doctor.

Appellant filed a complaint in the district court against respondents for defamation, alleging that respondents' statements were false and harmed his reputation and livelihood. In particular, appellant

alleged that respondents stated, "[appellant] was attempting to obtain more and different prescription painkillers after his industrial injury, that multiple prescription painkillers, and prescriptions for additional painkillers, were found in [appellant's] personal property." Respondents filed a motion to dismiss pursuant to NRCP 12(b)(5), arguing that their statements were immune under the absolute privilege. The district court agreed with respondents and dismissed the case. This appeal followed.[1]

## DISCUSSION

### Standard of review

This court reviews a district court's decision to dismiss a complaint pursuant to NRCP 12(b)(5) rigorously, with all alleged facts in the complaint presumed true and all inferences drawn in favor of the plaintiff. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). A complaint should be dismissed for failure to state a claim only when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [him] to relief." *Id.* at 228, 181 P.3d at 672. Further, this court reviews a party's legal entitlement to claim an absolute or conditional privilege de novo. *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 382, 213 P.3d 496, 502 (2009).

---

[1]This court entered an order removing counsel of record for respondents and directing respondents to retain new counsel, or in the case of Vincent Bartello, to inform this court whether he wished to proceed in pro se. *Fitzgerald v. Mobile Billboards, LLC*, Docket No. 72803 (Order Regarding Answering Brief and Conditionally Imposing Sanctions, Oct. 30, 2017). In addition, this court cautioned respondents that a failure to timely respond could result in this appeal being decided without an answering brief. *Id.* at 1-2. As respondents failed to respond to the order, this court ordered that "this matter . . . be decided on the opening brief alone, without an answering brief from either respondent." *Id.* at 2.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Absolute privilege*

Appellant argues that the district court erred when it determined that respondents' statements to the insurance company were protected by an absolute common law privilege without considering the impact of the conditional privilege provided in NRS 616D.020. We agree.

Nevada recognizes the common law absolute privilege that protects defamatory statements made during the course of a judicial proceeding. *Jacobs v. Adelson*, 130 Nev. 408, 412, 325 P.3d 1282, 1285 (2014). The privilege "has been extended to quasi-judicial proceedings before executive officers, boards, and commissions." *Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 61, 657 P.2d 101, 104 (1983). "In order for the absolute privilege to apply to defamatory statements . . . , (1) a judicial [or quasi-judicial] proceeding must be contemplated in good faith and under serious consideration, and (2) the communication must be related to the litigation." *Jacobs*, 130 Nev. at 413, 325 P.3d at 1285 (internal quotation marks omitted). "This privilege . . . acts as a complete bar to defamation claims based on privileged statements" and recognizes that certain defamatory communications should not serve as a basis for liability in a defamation suit "because the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." *Id.* (internal quotation marks omitted). Thus, the common law absolute privilege bars any civil litigation for defamatory statements even when the defamatory statements were published with malicious intent. *Id.*

In Nevada, "[t]he common law rule is the rule of decision in our courts unless in conflict with constitutional or statutory commands." *Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 100, 450 P.2d 358, 359

(1969). The Nevada Industrial Insurance Act (NIIA) governs the administration of a workers' compensation claim in Nevada. *See* NRS 616A.010. The NIIA precludes liability in a defamation suit for certain statements made in relation to a violation of the NIIA. In particular, NRS 616D.020 provides as follows:

> No person is subject to any criminal penalty or civil liability for libel, slander or any similar cause of action in tort if the person, *without malice*, discloses information relating to a violation of . . . [NRS] 616D.300 . . . or any fraud in the administration of [the NIIA] . . . .

(Emphasis added.) NRS 616D.020 expressly applies to any statements made in relation to a violation of NRS 616D.300, which penalizes "a person . . . who knowingly conceals a material fact to obtain or attempt to obtain any benefit, including a controlled substance." NRS 616D.020 provides a conditional privilege because it requires that the statement was made without malice. *See Lubin v. Kunin*, 117 Nev. 107, 115, 17 P.3d 422, 428 (2001) (providing that "[t]he common interest privilege is conditional and exists *where a defamatory statement is made in good faith*" (emphasis added) (internal quotation marks omitted)).

Consequently, it appears that the Legislature did not believe that, in the context of a workers' compensation claim, speaking freely about a person's actual or perceived violation of NRS 616D.300 outweighed the risks of statements made with malicious intent. The absolute privilege is in conflict with the conditional privilege in NRS 616D.020 because it protects statements even if they were made with malicious intent. We conclude that the common law absolute privilege has been abrogated by the statutory conditional privilege in the context of defamatory statements in a workers' compensation claim to which NRS 616D.020 is applicable.

Therefore, the district court erred in concluding that all of respondents' statements were absolutely privileged justifying dismissal of the complaint as a matter of law.

*Application of NRS 616D.020*

Appellant argues that the conditional privilege provided by NRS 616D.020 is inapplicable because respondents' statements were made with malice. The district court made no determination as to whether the conditional privilege in NRS 616D.020 applied to respondents' statements.

The existence of a conditional privilege "is a question of law for the court." *Lubin*, 117 Nev. at 115, 17 P.3d at 428. "If the district court determines that the privilege is applicable, the action for defamation will be presented to the jury only if there is sufficient evidence for the jury reasonably to infer that the publication was made with malice in fact." *Id.* (internal quotation marks omitted).

Here, the limited record suggests that, so long as they did not act with malice, NRS 616D.020 provides respondents with immunity for the statements made because respondents' statements were related to appellant's possible concealment of facts to obtain prescription pain medication for his own benefit, a violation of NRS 616D.300. Respondents' statements also implied that appellant committed workers' compensation fraud by taking advantage of the program to obtain additional pain prescription medication after his work-related injury. Nevertheless, respondents' statements must have been made without malicious intent to qualify for the privilege stated in NRS 616D.020. However, without respondents' motion to dismiss in the record on appeal, it is unknown whether respondents asserted and fully presented NRS 616D.020 as a defense, especially in light of the fact that the district court dismissed

 

appellant's complaint in its entirety based on the absolute privilege. Because NRS 616D.020 may not have been raised below, and because this case is at the NRCP 12(b)(5) stage, we decline to address the applicability of the privilege under NRS 616D.020 for the first time on appeal. *See Jacobs*, 130 Nev. at 418, 325 P.3d at 1288 (declining to address the conditional privilege of reply for the first time on appeal because the factual record had not yet been developed at the NRCP 12(b)(5) motion to dismiss stage); *see also Lubin*, 117 Nev. at 116, 17 P.3d at 428 (stating that a conditional privilege, the common interest privilege, should not be considered on an NRCP 12(b)(5) motion to dismiss, "but may or may not be applicable to the case when properly raised and fully presented to the district court").

For the foregoing reasons, we reverse the district court's dismissal order and remand this matter to the district court for further proceedings consistent with this opinion.

_____, J.
Hardesty

We concur:

_____, J.
Pickering

_____, J.
Gibbons