# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHELSEA FLINT, AN INDIVIDUAL, Appellant, vs. FRANKTOWN MEADOWS, INC.,D/B/A FRANKTOWN MEADOWS EQUESTRIAN FACILITY; LYNNE MACLEAN, A/K/A M. LYNNE GARNETT; AND HAWLEY H. MACLEAN, Respondents. | No. 74709 **FILED** SEP 2 6 2019 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |
| FRANKTOWN MEADOWS, INC., D/B/A FRANKTOWN MEADOWS EQUESTRIAN FACILITY; LYNNE MACLEAN, A/K/A M. LYNNE GARNETT; AND HAWLEY H. MACLEAN, Appellants, vs. CHELSEA FLINT, AN INDIVIDUAL, Respondent. | No. 74728 |

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

These are consolidated appeals from a final judgment and special order after final judgment in a tort action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant Chelsea Flint worked for respondent Franktown Meadows, Inc., an equestrian facility. Flint alleges that while working there, Ignacio Maldonado, a coworker, sexually assaulted her and that respondent Lynne MacLean (aka M. Lynne Garnett), the president and owner of Franktown Meadows, and Hawley MacLean, the secretary, knew about the assailant's behavior but failed to act. Based on these allegations, Flint sued Franktown Meadows, Garnett, and MacLean (collectively,

19-40013

Franktown) under common law tort theories. Flint asserted nine claims for relief: negligence; negligent hiring; negligent training, supervision, and retention; assault; battery; negligent infliction of emotional distress; intentional infliction of emotional distress; respondeat superior; and tortious constructive discharge.

Franktown moved to dismiss, arguing that Flint failed to state a claim for relief because her injury was work-related, and thus that the Nevada Industrial Insurance Act (the NIIA) provides her exclusive legal remedy. The district court dismissed Flint's complaint entirely, relying on NRS 616A.020(1), the NIIA's exclusive remedy provision, and *Wood v. Safeway, Inc.*, 121 Nev. 724, 121 P.3d 1026 (2005).[1]

Shortly thereafter, Franktown moved for attorney fees, arguing that Flint's claims were frivolous because statutory and caselaw preclude them. The district court denied Franktown's motion, finding no indication that the claims were frivolous or brought in bad faith.

---

[1]Addressing all of Flint's claims, the district court ordered as follows:

> Plaintiff is barred from bringing her claims pursuant to NRS 616A.020(1),(2) and NRS 616B.612. Due to her injuries arising out of the course and scope of her employment, the Court finds that her exclusive remedy lies with the NIIA. The Nevada Supreme Court has clearly held that a sexual assault on an employee falls under the NIIA when the nature of the employment contributed or otherwise increased the risk of the sexual assault. Here, the nature of Plaintiff's employment brought her into contact with Maldonado and placed her into an environment that increased the risk of a sexual assault. . . . Therefore, the Court finds that Plaintiff is barred from asserting her claims in this forum and must raise her claims under the NIIA.

Flint now appeals the district court's dismissal of her claims (Docket Number 74709), while Franktown appeals the denial of its motion for fees (Docket Number 74728). We address each appeal in turn.

*The district court's dismissal of Flint's claims*

Flint challenges the district court's dismissal of her claims, arguing primarily that the district court erred in applying the NIIA's exclusive remedy provision to bar her claims. First, she argues that the NIIA does not bar her negligence or intentional tort claims because (1) Franktown never established that it procured workers' compensation coverage, and (2) her injuries were intentional, not accidental as the statute requires. Alternatively, she argues that even if the NIIA bars her negligence and intentional tort claims, it does not bar her other claims—namely, her tortious constructive discharge claim and her claims against Garnett and MacLean in their individual capacities.

"This court reviews a district court's decision to dismiss a complaint pursuant to NRCP 12(b)(5) rigorously, with all alleged facts in the complaint presumed true and all inferences drawn in favor of the plaintiff." *Fitzgerald v. Mobile Billboards, LLC*, 134 Nev. 231, 232, 416 P.3d 209, 210 (2018). "A complaint should be dismissed for failure to state a claim only when 'it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [him] to relief.'" *Id.* at 232, 416 P.3d at 210-11 (alterations in original) (quoting *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008)).

We conclude that the district court did not err when it dismissed Flint's negligence and intentional tort claims because the NIIA provides Flint's exclusive remedy for those claims. We further conclude, however, that the NIIA's exclusive remedy provision does not expressly extend to a tortious constructive discharge claim, and thus that the district court erred

when it dismissed Flint's tortious discharge claim without first analyzing whether the facts alleged in the complaint, when presumed true, would entitle Flint to relief.

*Flint's negligence and intentional tort claims*

Flint first argues that the district court erred when it relied on the NIIA's exclusive remedy provision to bar her negligence and intentional tort claims because Franktown did not sufficiently demonstrate that it had workers' compensation coverage. She argues that because Franktown moved to dismiss the action, the district court's review was limited to matters in the complaint, and that she did not allege that Franktown had workers' compensation coverage in her complaint.

We have previously recognized that statutory immunity under the NIIA is an affirmative defense. *See, e.g., McColl v. Scherer*, 73 Nev. 226, 228, 315 P.2d 807, 808 (1957) ("Under the first affirmative defense . . . defendants urge that compensation under the [NIIA] was plaintiff's exclusive remedy."); *see also Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 393, 168 P.3d 87, 94 (2007) (holding that allegations fall under the catchall provision of NRCP 8(c) "if they raise new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true" (alteration in original) (internal quotation marks omitted)). Here, Franktown asserted the defense of NIIA immunity in its first responsive pleading. It stated that "because [Flint's] employment contributed to or increased the risk of [Flint's] alleged injuries, her claims fall within the coverage of NIIA and are therefore barred." We conclude that this is sufficient under Nevada's pleading requirements. *See* NRCP 8(c) (requiring a party to affirmatively state an affirmative defense).

Because Franktown sufficiently pleaded NIIA immunity as an affirmative defense, it was Flint's obligation to allege that the NIIA did not

apply in order to maintain her action in district court. *See McGinnis v. Consol. Casinos Corp.*, 94 Nev. 640, 642, 584 P.2d 702, 703 (1978) ("In order to state a cause of action which avoids the Nevada Industrial Insurance Act's proscription against common law negligence actions, an injured employee need only allege facts which would remove the claim from the purview of the Act." (citations omitted)). Flint could have satisfied this burden in a number of ways,[2] but ultimately failed to allege any facts that would remove her claims from the exclusive remedy provision of the NIIA.

Flint also argues that the NIIA's exclusive remedy provision does not bar her negligence claims against Garnett and MacLean because she sued them not as her employers but in their individual capacities. We are not convinced that this distinction matters. Nevada caselaw demonstrates that the NIIA protects all employers alike—whether the named employer is a corporation or an individual. *See, e.g., Barjesteh v. Faye's Pub, Inc.*, 106 Nev. 120, 787 P.2d 401 (1990) (treating Faye's Pub, the corporation, the same as Martin Schwartzer, a majority stockholder of the corporation, for purposes of NIIA immunity). If an employee could sue the president or agent of a company instead of the company itself and thus escape the NIIA's exclusive remedy provision, the provision would be rendered meaningless. Therefore, we conclude that NIIA immunity also protects Garnett and MacLean from liability, *see Orion Portfolio Servs. 2,*

---

[2]For example, Flint could have argued that Franktown failed to provide NIIA-compliant compensation. Under NRS 616B.636, an injured employee may seek recovery outside of the NIIA if the employer fails to provide and secure compensation to the injured employee. To prevail, the employee must allege and prove that the employer failed to comply with the NIIA. *Richard Matthews, Jr., Inc. v. Vaughn*, 91 Nev. 583, 586, 540 P.2d 1062, 1064 (1975). Here, however, Flint did not allege that Franktown failed to comply with the NIIA. In fact, Flint admits that she did not, and likely will not, pursue a workers' compensation claim.

*LLC v. Cty. of Clark ex rel. Univ. Med. Ctr. of S. Nev.*, 126 Nev. 397, 403, 245 P.3d 527, 531 (2010) (explaining that this "court will not render any part of the statute meaningless"), and thus decline to address the merits of Flint's negligence claims against Garnett and MacLean.

Finally, Flint argues that the NIIA's exclusive remedy provision does not apply to her claims because her injuries were intentional, not accidental as required by statute. She emphasizes that the NIIA provides the exclusive remedy only where the injury arose from an accident, and that here, her injuries arose from the intentional misconduct of a co-employee.

Flint's argument largely ignores this court's precedent. NRS 616A.020(1) provides the exclusive remedy for an employee who suffers "an injury by accident sustained arising out of and in the course of the employment."[3] The statute defines accident as "an unexpected or unforeseen event," NRS 616A.030, but this court has recognized an exception—"employers do not enjoy immunity, under the exclusive remedy provisions of the workers' compensation statutes, from liability for their intentional torts," *Conway v. Circus Circus Casinos, Inc.*, 116 Nev. 870, 874, 8 P.3d 837, 840 (2000) (internal quotation marks omitted). Under this limited exception, an employee may sue her employer outside of the workers' compensation statute if she can prove that her employer "deliberately and specifically intended to injure [her]." *Id.* at 875, 8 P.3d at 840. Flint did not allege in her complaint, and does not argue on appeal, that Franktown deliberately intended to injure her. Thus, the *Conway* exception does not apply.

---

[3]This provision is imperative and generally applies to all employees so long as the injury falls within the NIIA. We are therefore unpersuaded by Flint's invocation of the election of remedies doctrine, where she argues that she did not make a binding election to receive workers' compensation benefits as her remedy.

Flint instead alleged that Franktown intentionally inflicted emotional distress because its conduct was "extreme and outrageous" and either intentional or reckless. Yet she failed to provide any facts demonstrating that Franktown acted with the deliberate intent to injure her. *See id.* at 875, 8 P.3d at 840-41 (holding that mere allegations that an employer knew about a dangerous condition and failed to act are "insufficient to remove [a] claim from the purview of the exclusive remedy provision of the NIIA").

Flint also alleged that Maldonado, her co-employee, committed the intentional torts of assault and battery. This court has held that when a co-employee commits an intentional tort at work, the employer "is entitled to the defense of the exclusive coverage of [the NIIA] and is relieved from other liability for recovery of damages for such personal injury and death." *Cummings v. United Resort Hotels, Inc.*, 85 Nev. 23, 27, 449 P.2d 245, 248 (1969) (affording an employer immunity where an employee was stabbed to death by a fellow employee while at work). In fact, this court has expressly extended such immunity to injuries arising from sexual assault. *Wood v. Safeway, Inc.*, 121 Nev. 724, 736, 121 P.3d 1026, 1034 (2005) ("[W]e adopt the rule that the sexual assault of an employee falls within the NIIA if the nature of the employment contributed to or otherwise increased the risk of assault beyond that of the general public.").

We view the facts here as indistinguishable from the relevant facts in *Wood.*[4] Accordingly, we conclude that the district court did not err

---

[4]Like the employee in *Wood*, Flint first encountered her alleged assailant at work. 121 Nev. at 736, 121 P.3d at 1034. Further, like the alleged sexual assault in *Wood*, Flint's alleged sexual assault allegedly occurred in the course of employment. *Id.* Finally, like the alleged assailant in *Wood*, Flint's alleged assailant was a co-employee, not an employer. *Id.*

when it relied on the NIIA's exclusive remedy provision and *Wood* to dismiss Flint's negligence and intentional tort claims.[5]

*Flint's tortious constructive discharge claim*

Next, Flint argues that even if her negligence and intentional tort claims were subject to dismissal under the NIIA, her tortious constructive discharge claim was not because NIIA immunity does not expressly extend to wrongful termination claims. We agree.

NRS 616A.020(1), the exclusive remedy provision of the NIIA, does not categorically bar tortious discharge claims. Moreover, this court has never expressly extended NIIA immunity to wrongful termination claims. Indeed, there are at least three situations where this court has held that the NIIA *does not* bar a tortious discharge claim. *See Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 377, 989 P.2d 882, 885 (1999) (holding that a different provision of the NIIA does not bar an employee from bringing a tortious constructive discharge claim because "NRS 616D.030 . . . does not affect the case law of tortious discharge against public policy"); *Sands Regent v. Valgardson*, 105 Nev. 436, 440, 777 P.2d 898, 900 (1989) (allowing employees to bring tortious constructive discharge claims "where the employer's conduct violates strong and compelling public policy"); *Hansen v. Harrah's*, 100 Nev. 60, 64, 675 P.2d 394, 397 (1984)

---

We are therefore unpersuaded by Flint's attempt to distinguish her case from *Wood*.

[5]We further conclude that the district court did not err when it dismissed Flint's respondeat superior claim. In her complaint, Flint alleged that Maldonado was Franktown's employee, and thus that Franktown was liable for Maldonado's actions so long as they were reasonably foreseeable. The question of foreseeability, however, is irrelevant to the dispositive issue here, which is whether the NIIA provides Flint's exclusive remedy. Having concluded that it does, the district court therefore need not have adjudicated the merits of Flint's related claims.

(recognizing that retaliatory discharge is an actionable tort, and as such, relief exists outside of the NIIA).

We recognize that the facts alleged here are not directly analogous to the facts alleged in the cases cited above, primarily because Flint's tortious constructive discharge claim is not a retaliatory discharge claim. Nonetheless, in the absence of statutory or caselaw expressly extending NIIA immunity to tortious constructive discharge claims, we conclude that the district court erred in determining that Flint's claim was subject to dismissal based on NIIA immunity.[6]

Accordingly, we reverse the district court's dismissal of Flint's tortious constructive discharge claim and remand for further proceedings. Flint's remaining arguments are unpersuasive.

*Franktown's motion for attorney fees*

After the district court dismissed Flint's complaint, Franktown moved for attorney fees and costs under NRS 18.010(2)(b) and NRS 7.085. The district court denied Franktown's motion, finding:

> [Flint's] arguments regarding the law were unsuccessful, yet they were not without reasonable grounds or presented to harass. Further, [Flint] argues that [Franktown's] representation that their attorneys required "significant effort, research, time, and experience" to prevail is inconsistent with [Franktown's] assertion the

---

[6]Both parties discuss how other jurisdictions determine whether a state's workers' compensation statute bars a wrongful termination claim. For instance, the Oregon Supreme Court held that an employer was not immune under the state's workers' compensation act because the employee's "workers' compensation claim and his wrongful discharge claim d[id] not allege the same injury." *Moustachetti v. State*, 877 P.2d 66, 71 (Or. 1994). We are not persuaded that the case at bar is an ideal vehicle to adopt one of these approaches, and we reiterate that under Nevada law, the district court erred in dismissing Flint's tortious constructive discharge claim.

Motion to Dismiss was easily resolved by unambiguous law.

Judge Flanagan made no indication the claims were frivolous or in bad faith. Indeed, the event of oral arguments indicates the benefit of additional information than that provided in the pleadings and moving papers. Further, [Franktown] submitted an affidavit logging approximately 60 hours in this case, which reveals the complexity of the issues.

Franktown now argues that the district court abused its discretion because caselaw conclusively establishes that a sexual assault falls within the NIIA's purview, and thus that Flint maintained her action without reasonable ground and in bad faith.

"Generally, [this court] review[s] decisions . . . denying attorney fees for a manifest abuse of discretion." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006) (internal quotation marks omitted). Under this standard, a district court abuses its discretion when it bases its decision on an erroneous view of the law or clearly disregards guiding legal principles. *See, e.g., Bergmann v. Boyce*, 109 Nev. 670, 674-75, 856 P.2d 560, 563 (1993) (holding that a district court abused its discretion when it applied the NRCP 12(b)(5) motion to dismiss standard, instead of the legal standard specific to attorney fees, to deny an award of fees), *superseded by statute on other grounds as stated in In re DISH Network Derivative Litig.*, 133 Nev. 438, 451 n.6, 401 P.3d 1081, 1093 n.6 (2017).

It is not clear that Flint maintained an action that was "not well-grounded in fact or [was] not warranted by existing law," that Flint acted "[u]nreasonably and vexatiously," or that Flint's claims were "without reasonable ground." NRS 7.085(1); NRS 18.010(2)(b). On the contrary, transcripts from oral argument reveal that the district court viewed the law as ambiguous and questioned whether *Wood* applied to Flint's case.

SUPREME COURT
OF
NEVADA

(O) 1947A

Additionally, our partial reversal of the district court's order further demonstrates that Flint's claims were warranted by existing law, regardless of whether she succeeds on remand.[7] We therefore conclude that the district court did not abuse its discretion when it found that Flint had reasonable grounds for her claim and therefore denied Franktown's motion for attorney fees.

Accordingly, we affirm in part, reverse in part, and remand the district court's order dismissing the complaint in Docket Number 74709 for proceedings consistent with this order, and we affirm the district court's order denying attorney fees in Docket Number 74728.

It is so ORDERED.

_Pickering_____, J.
Pickering

_Parraguirre_____, J.
Parraguirre

_Cadish_____, J.
Cadish

---

[7]We also note that NRS 18.010(2) is discretionary. *See* NRS 18.010(2) ("[T]he court may make an allowance of attorney's fees to a prevailing party . . . ."). Here, we are not convinced that the district court abused its discretion under NRS 18.010(2) by simply refusing to exercise it. Far more frequently, we have affirmed a district court's denial of attorney fees, holding that the district court did not abuse its discretion. *See, e.g., Stubbs v. Strickland*, 129 Nev. 146, 153-54, 297 P.3d 326, 330-31 (2013) (holding that the district court did not abuse its discretion when it denied attorney fees because the plaintiff filed his complaint in good faith to either clarify the law or change it); *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 968, 194 P.3d 96, 107 (2008) (holding that the district court did not abuse its discretion when it denied attorney fees because the complaint raised reasonably supportable claims).

cc:	Chief Judge, Second Judicial District
	Robert L. Eisenberg, Settlement Judge
	Erickson Thorpe & Swainston, Ltd.
	Gunderson Law Firm
	Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A