OPINION OF THE COURT
John R. Tenney, J.
The parties were divorced in April 1986. In the decree, defendant was ordered to assume exclusive responsibility for the marital debt, of approximately $3,600, to the Griffith Oneida Credit Union. Both spouses were signatories to the note. Defendant subsequently filed bankruptcy, and the debt was discharged.
*954 The Credit Union sought collection of the debt from plaintiff, and she is making periodic payments. This proceeding is to enforce the terms of the decree, directing that the defendant reimburse her for the payments she has made, and that he assume responsibility for the remainder of the debt.
Plaintiff’s motion is granted. Defendant’s bankruptcy does not discharge him from his obligations to plaintiff under the decree. In the first instance, plaintiff was not listed in the schedule of creditors in the bankruptcy petition (11 USC § 521 [1]). There are no circumstances alleged which would discharge under normal circumstances an unscheduled creditor (11 USC § 523 [a] [3]).
However, even if plaintiff was given full notice of the bankruptcy proceeding, there could be no discharge here. Under 11 USC § 727 (b), only debts due or claimed on the date of filing can be discharged. While the obligation to pay the Credit Union existed on that date, and was properly extinguished, the obligation to reimburse plaintiff under the present circumstances arises out of the order but is only effective as a result of the equity proceeding.
Obligations to a former spouse for alimony, maintenance, and/or support do not appear to be dischargeable. Certainly, some weight should be given to the equities established by the court order. Many decisions seem to support the proposition that an order which provides for payment of marital debts, or an agreement to assume joint debts, may be nondischargeable. There is a trend which treats such obligations as alimony or support. (Compare, In re Spong, 661 F2d 6; In re Calhoun, 715 F2d 1103; but see, In re Lewis, 39 Bankr 842.) This trend is consistent with the legislative philosophy in treating marital obligations. The only effective means of discharge is to join both spouses in the proceeding.
Plaintiff’s motion is granted.