JAMES SCOTT MARTIN, APPELLANT, *v.*
JUDY ANN MARTIN, RESPONDENT.

No. 21798

May 18, 1992                                    832 P.2d 390

*George R. Carter,* Las Vegas, for Appellant.

*George T. Bochanis,* Las Vegas, for Respondent.

_____
[2]The Honorable Jerry V. Sullivan, Judge of the Sixth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE ROBERT E. ROSE, Justice. Nev. Const. art. 6, § 4.

## OPINION

*Per Curiam:*

This is an appeal from the violation of an amended divorce decree ("decree"), wherein the appellant, James Scott Martin ("James"), agreed to indemnify the respondent, Judy Ann Martin ("Judy"), from personal liability for certain community debts. The district court ordered James to fulfill his obligations under the decree, despite his subsequent discharge in bankruptcy.

### THE FACTS

James filed a complaint for divorce on July 30, 1986, after which Judy filed an answer and counterclaim. The decree, filed on August 2, 1988, provided, among other things, that James pay $320.00 in monthly child support and assume sole liability for Visa charge accounts with PriMerit Bank and Chase Manhattan Bank. On September 15, 1988, James filed for bankruptcy and included the community debts he had agreed to assume.[1] As a result, Judy was left solely and personally liable for the PriMerit and Chase Manhattan Visa accounts. Judy subsequently filed for spousal support.

Following an evidentiary hearing, the district court filed an order granting Judy spousal support. The district court specifically found that James' promise to hold Judy "harmless" was an

---

[1] James received a full discharge of his debts, including those mentioned in the decree, on April 17, 1989.

obligation "characterized as being in the nature of alimony, maintenance and support," and that Judy "would have been *inadequately supported*" absent James' agreement to accept sole liability for the community debts. Accordingly, James was ordered to pay $150.00 per month to Judy "until the sum of $3,429.00 shall be paid by such payments" on the PriMerit Visa debt,[2] and to remain personally liable to Judy for the Chase Manhattan Visa debt, which totaled $1,145.00.

## DISCUSSION

Federal bankruptcy law determines whether a liability may be discharged. *See e.g.*, In re Spong, 661 F.2d 6, 9 (2nd Cir. 1981). However, obligations for alimony, maintenance and support are not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5) (1988).[3] Non-dischargeable debts include "any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless, or joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse [or child]." In re Calhoun, 715 F.2d 1103, 1107 (6th Cir. 1983) (quoting S. Rep. No. 95-989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865; H.R. Rep. No. 595, 95th Cong., 2d Sess. 364 (1977), *Reprinted in* 1978 U.S.C.C.A.N. 5963, 6320).

The critical issue in determining whether a debt is non-dischargeable in bankruptcy "is the function the award was intended to serve." In re Williams 703 F.2d 1055, 1057 (8th Cir. 1983) (citations omitted); *see also Calhoun,* 715 F.2d at 1107. If the intent of the obligation is to award spousal or child support, then it is non-dischargeable. *Williams,* 703 F.2d at 1057. This intent should be clear from the provisions within the divorce decree or order for support. *See* Holt v. Holt, 672 P.2d 738 (Utah 1983). In *Holt,* the Utah court determined that a "hold harmless" provision qualifies as maintenance or support "if without the debt

---

[2]The sum of $3,429.00 represents $2,700.00 paid by Judy to PriMerit Bank as the result of the bankruptcy filed by James, together with $729.00 in court costs and attorneys' fees incurred in an action brought by PriMerit Bank.

[3]11 U.S.C. § 523(a)(5) provides:

    (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt

    . . .

    (5) to a spouse, former spouse, or child of the debtor, for alimony to, *maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree,* or property settlement agreement, . . . .

(Emphasis added.)

assumption, the spouse would be inadequately supported." *Id.* at 743 (quoting In re Huggins, 12 B.R. 850, 854 (Bankr.D.Kan. 1981)).

In the case at bar, James agreed to assume certain debts in exchange for lower monthly child support payments. Therefore, James' obligation to assume the debts was directly tied to his child support obligation. When James breached his agreement to indemnify Judy, he unilaterally altered the amount of child support she received and left her inadequately supported as a result.

James' obligation to Judy under the decree is clearly non-dischargeable. While James' personal obligations to PriMerit Bank and Chase Manhattan Bank were appropriately discharged in bankruptcy, his liability to Judy arises out of the decree. *See* Mooney v. Van Vechten, 526 N.Y.S.2d 704 (1988). Accordingly, we hold that the district court acted properly in ordering James to reimburse Judy and fulfill his obligations under the decree. We have considered all remaining issues on appeal and conclude that they lack merit.