# IN THE SUPREME COURT OF THE STATE OF NEVADA

GILLESPIE OFFICE AND SYSTEMS
FURNITURE, LLC, A NEVADA
LIMITED LIABILITY COMPANY, D/B/A
A&B PRINTING & MAILING; AND
KATHY GILLESPIE, AN INDIVIDUAL,
Appellants,
vs.
RONNI COUNCIL, AN INDIVIDUAL;
ORGANIZED KARMA, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
ALCHEMY, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Respondents.

No. 73211



FILED

DEC 07 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

GILLESPIE OFFICE AND SYSTEMS
FURNITURE, LLC, A NEVADA
LIMITED LIABILITY COMPANY, D/B/A
A&B PRINTING & MAILING; AND
KATHY GILLESPIE, AN INDIVIDUAL,
Appellants,
vs.
RONNI COUNCIL, AN INDIVIDUAL;
ORGANIZED KARMA, LLC, A NEVADA
LIMITED LIABILITY; AND ALCHEMY,
LLC, A NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

No. 73752

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court amended judgment on a jury verdict and post-judgment order awarding costs and

attorney fees in a defamation action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

Respondent Ronni Council, a political consultant, owns a political consulting business, respondent Organized Karma, LLC, and a political fundraising business, respondent Alchemy, LLC (collectively, respondents). Appellant A&B Printing & Mailing, a printing company co-owned by appellant Kathy Gillespie, received a significant portion of its business from various political campaigns that were referred by political consultants. In 2004, Council began using A&B for her clients' printing and mailing needs. In 2014, however, Gillespie learned that Council began using another printing company for her clients' campaign, which strained their business relationship.

Thereafter, approximately 116 recipients, mostly potential candidates for judicial and political office, were mailed an anonymous postcard. The front side of the postcard proclaimed: "Ronnie Council is the Biggest Loser," "She has lost 80% of her races," and "Why Hire a Loser?" Small print located on the front side also indicated that the 80 percent loss number was based on the "[b]est compiled listing of represented races & estimated percent." The back side of the postcard again featured the words "Ronnie Council is the Biggest Loser" and "80%," in addition to a list of 18 campaigns that Council had allegedly been involved in, most of which were labeled as "lost."

---

[1]The Honorable Kristina Pickering, Justice, did not participate in the resolution of this matter.

Respondents learned that Gillespie was responsible for the postcard and filed a complaint against appellants for defamation per se, business disparagement, intentional interference with prospective economic relationship, and injunctive relief.[2] Appellants subsequently filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code, which automatically stayed respondents' lawsuit against appellants. Respondents filed a motion to lift the stay, which the bankruptcy court granted and allowed the lawsuit to proceed to trial.

A fourteen-day trial commenced. The jury found that the statements contained in the postcard constituted defamation per se. The jury found that appellants, jointly and severally, were liable for the amount of $320,000 to Council, $1,920,000 to Organized Karma, and $960,000 to Alchemy in general damages. In addition, Gillespie was liable to Council for $1,000,000 in punitive damages, and A&B was liable to Council for $500,000 in punitive damages. The jury found that appellants were not liable for business disparagement and the claim was dismissed with prejudice.

Thereafter, appellants filed a motion for judgment as a matter of law, or alternatively, motion for remittitur or a new trial, arguing in relevant part, that respondents' claim was not one of defamation per se, but rather business disparagement. Additionally, appellants argued that it was inappropriate to award punitive damages against an entity in bankruptcy. Respondents filed a motion to alter or amend the judgment in regards to

---

[2]Barbara Allen, co-owner of A&B, was an original defendant in this case. The claims against her and the claim for intentional interference with prospective economic relationship were dismissed on a partial motion for summary judgment.

their business disparagement claim, arguing that the dismissal should be without prejudice instead of with prejudice. Following a hearing, the district court denied appellants' and respondents' motions. This appeal followed.

*The district court did not err in denying appellants' renewed motion for judgment as a matter of law*
### Standard of review

This court reviews a district court's denial of a motion for judgment as a matter of law de novo. *Wyeth v. Rowatt*, 126 Nev. 446, 460, 244 P.3d 765, 775 (2010).

### *Appellants' statements were defamatory per se*

Appellants argue that the defamatory statements did not constitute defamation per se because such statements did not impugn Council's lack of fitness for trade, business, or profession. Instead, appellants contend that such statements attacked the quality of Council's political campaign services.[3] Respondents argue that the defamatory statements contained in the postcard were defamation per se. We agree with respondents.[4]

---

[3]Appellants also argue that Organized Karma and Alchemy were not defamed because they were not named or referenced in the postcard. We reject appellants' argument, as the postcard clearly implicates Organized Karma and Alchemy. *See Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp.2d 1179, 1184 (E.D. Cal. 2008) (explaining that the defamatory statement does not need to refer to the plaintiff by name, as long as the plaintiff "may be identified by clear implication" (internal quotation marks omitted)).

[4]As a result, we need not consider respondents' request that they be able to retry their claims against appellants for defamation per se and business disparagement pursuant to NRCP 50(d), which provides that respondents may assert grounds requesting a new trial if this court concluded that the district court erred in denying appellants' motion for judgment as a matter of law.

To prevail on a defamation claim, a party must show: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pope v. Motel 6*, 121 Nev. 307, 315, 114 P.3d 277, 282 (2005). Certain classes of statements, however, are so harmful that they are considered defamatory per se and actionable without any proof of damages. *Id.* For instance, "if the defamatory communication imputes a person's lack of fitness for trade, business, or profession, or tends to injure the plaintiff in his or her business, it is deemed defamation per se." *Clark Cty. School Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385, 213 P.3d 496, 503 (2009) (internal quotation marks omitted).

Having reviewed the briefs and appendices on appeal, we conclude that the statements contained in the postcard were defamatory per se. Undoubtedly, respondents prevail on the first and third elements, as the record reveals that the statements contained in the postcard were false and made with malicious intent based on respondents' business relationship with another printing company. In addition, a reasonable person would likely understand the statements regarding the 80% loss number based on the "[b]est compiled listing of represented races & estimated percent" as statements of existing fact. *See Lubin v. Kunin*, 117 Nev. 107, 112, 17 P.3d 422, 426 (2001) ("The test for whether a statement constitutes facts or opinion is: whether a reasonable person would be likely to understand the remark as an expression of the source's opinion or as a statement of existing fact." (internal quotation marks omitted)).

With regard to the second element, the record reveals that at least one judicial candidate received the postcard, despite appellants'

contention that the defamatory statements were not published. The fourth element—actual or presumed damages—need not be proved because appellants' statements tended to harm respondents in their businesses. Appellants' statements, such as "Ronnie Council is the Biggest Loser," "She has lost 80% of her races," and "Why Hire a Loser?" called into question respondents' abilities to successfully consult and fundraise for political campaigns. Accordingly, the district court did not err by denying appellants' motion for judgment as a matter of law.[5]

*The bankruptcy court must decide whether punitive damages may be discharged against an entity in bankruptcy*

Appellants argue that an award of punitive damages is inappropriate against an entity in bankruptcy. Respondents argue that this is an issue appropriately left for the bankruptcy court to handle. We agree with respondents.[6]

---

[5]Consequently, we reject appellants' argument that all post-trial judgments must be vacated because the underlying award for defamation per se was erroneous as a matter of law.

Additionally, nothing in the record suggests that the jury award was a result of passion or prejudice, as appellants contend. Although the award is high, this court has repeatedly stated that the jury is given wide discretion in awarding damages, and "we presume that the jury believed the evidence offered by the prevailing party and any inferences derived from the evidence." *See Wyeth v. Rowatt*, 126 Nev. 446, 471, 244 P.3d 765, 782 (2010).

[6]We note that appellants' contention that punitive damages should not have been assessed against A&B in the proceedings below because of its bankruptcy status lacks merit. A&B did not object to the jury instructions regarding punitive damages. It was only after the jury assessed punitive damages against A&B, in appellants' motion for judgment as a matter of law, that appellants argued punitive damages are not appropriate against an entity in bankruptcy. As a result, our consideration in this order is the

SUPREME COURT
OF
NEVADA

(O) 1947A

"Federal bankruptcy law determines whether a liability may be discharged." *Martin v. Martin*, 108 Nev. 384, 386, 832 P.2d 390, 391 (1992). Section 523(a)(6) of the Bankruptcy Code provides that a debt is nondischargeable if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." However, Section 523(c)(1) of the Bankruptcy Code states as follows:

> [T]he debtor shall be discharged from a debt of a kind specified in paragraph . . . (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph . . . (6), as the case may be, of subsection (a) of this section.

Thus, in regards to any debt for willful and malicious injury by the debtor to another entity or to the property of another entity, "the creditor *must initiate proceedings in the bankruptcy court* for an exception, and if the creditor does not act, the debt is discharged." 9 Am. Jur. 2d *Bankrupty* § 171 (2016) (emphasis added). However, the determination of the dischargeability for this kind of debt is exclusively within the bankruptcy court's jurisdiction. Advisory Committee Note to Fed. R. Bankr. P. 4007. Accordingly, whether punitive damages may be discharged against A&B is an issue appropriately left for the bankruptcy court to resolve. *See Matter of Scheuer*, 125 B.R. 584, 593 (Bankr. C.D. Cal. 1991) (The bankruptcy court, as a court of equity, "should have the power to review all the facts and circumstances relating to the judgment and decide whether

---

dischargeability of a punitive damages award against an entity in bankruptcy, and not whether the district court may assess such damages against an entity in bankruptcy.

the penalty element should be held nondischargeable along with the compensatory element."). Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Mark R. Denton, District Judge
Thomas J. Tanksley, Settlement Judge
Kung & Brown
Flangas Dalacas Law Group, Inc.
Eighth District Court Clerk