# IN THE SUPREME COURT OF THE STATE OF NEVADA

TON VINH LEE, AN INDIVIDUAL,
Appellant,
vs.
INGRID PATIN, AN INDIVIDUAL; AND
PATIN LAW GROUP, PLLC, A NEVADA
PROFESSIONAL LLC,
Respondents.

No. 82516

FILED

SEP 12 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a defamation action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

At the time relevant to this case, appellant Ton Vinh Lee owned two dental practices, one of which was Summerlin Smiles. Reginald Singletary passed away after a wisdom tooth extraction at Summerlin Smiles. Lee was not Singletary's treating dentist. Represented by respondent Ingrid Patin, Singletary's spouse sued the treating dentists, Summerlin Smiles, and Lee for wrongful death. Following a seven-day jury trial, the jury found in favor of Lee personally and assigned 50 percent of the liability to one of the treating dentists, 25 percent of the liability to Summerlin Smiles, and 25 percent of the liability to Singletary. The jury awarded the plaintiff approximately 3.4 million dollars in damages.

Summerlin Smiles and one treating dentist moved for judgment as a matter of law. The district court granted the motion, which the plaintiff appealed. We reversed the district court's order. *Singletary v. Lee*, No. 66278, 2016 WL 6106882 (Nev. Oct. 17, 2016) (Order Affirming in Part, Reversing in Part and Remanding).

22-28431

While the appeal was pending in the wrongful death case, Lee became aware that the Patin Law Group had posted the following statement on its website:

> DENTAL MALPRACTICE/WRONGFUL DEATH— PLAINTIFF'S VERDICT $3.4M, 2014
>
> Description: Singletary v. Ton Vinh Lee, DDS, et al.
>
> A dental malpractice-based wrongful death action that arose out of the death of Decedent Reginald Singletary following the extraction of the No. 32 wisdom tooth by Defendants on or about April 16, 2011. Plaintiff sued the dental office, Summerlin Smiles, the owner, Ton Vinh Lee, DDS, and the treating dentists, Florida Traivai, DMD and Jai Park, DDS, on behalf of the Estate, herself and minor son.

Based on this statement, Lee filed a defamation lawsuit against Patin and her law firm. Patin moved for summary judgment,[1] and the district court granted the motion after finding that Lee had admitted each sentence in the statement was true and that the fair-report privilege applied.[2]

Lee appeals, arguing the statement is defamatory when considered on the whole because it omits the verdict in Lee's favor and therefore falsely implies that Lee, personally, was found liable in the wrongful death case. Lee further contends the statement is not protected by the fair-report privilege because it is not fair and accurate with respect to Lee. We disagree.

---

[1]Patin moved for summary judgment multiple times, but we address only the motion the district court granted.

[2]Patin Law filed a joinder to Patin's motion. For purposes of this order, we refer to the respondents collectively as Patin.

 

We review the grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* We have long recognized that a fair, accurate, and impartial report of judicial proceedings will enjoy absolute immunity from defamation claims. *Adelson v. Harris*, 133 Nev. 512, 515, 402 P.3d 665, 667 (2017); *Sahara Gaming Corp. v. Culinary Workers Union Local 226*, 115 Nev. 212, 215, 984 P.2d 164, 166 (1999). The fair-report privilege may extend to any person reporting on a judicial proceeding from material that is publicly available. *Sahara Gaming*, 115 Nev. at 215, 984 P.2d at 166. But either the report's context or its attribution must make "it apparent to an average reader that [the] document draws from judicial proceedings." *Adelson*, 133 Nev. at 516, 402 P.3d at 668.

We conclude this statement falls within the fair-report privilege as set out in *Sahara Gaming* and *Adelson*. Lee admitted in his deposition that the individual components of the statement were true. *Cf. Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 484, 851 P.2d 459, 463 (1993) (concluding statements that were true considered in context were not defamatory). The statement is a report of a judicial proceeding and it accurately attributes the case name. *Cf. Adelson*, 133 Nev. at 518, 402 P.3d at 669-70 (considering whether a hyperlink provided adequate attribution to bring a report within the fair report privilege). Notably, too, Lee's professional corporation—Ton V. Lee, DDS, PC—was doing business as Summerlin Smiles, and Summerlin Smiles was found liable. Although the statement omits mention of Lee's personal victory at trial, the statement clarifies that the wrongful

SUPREME COURT
OF
NEVADA

3

(O) 1947A

death action arose from a wisdom tooth extraction and that Lee was not one of the treating dentists, thereby indicating he was not personally to blame. Finally, the statement neutrally represents the basic facts of the case without any attempt to editorialize. *Cf. Lubin v. Kunin,* 117 Nev. 107, 115, 17 P.3d 422, 427-28 (2001) (concluding a report was not privileged where it presented only one side of the case and evidenced the reporter's bias). We therefore conclude the district court did not err by granting summary judgment in Patin's favor,[3] and accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                          Stiglich

_____, J.          _____, J.
Cadish                                             Silver

_____, J.
Herndon

PICKERING, J., dissenting;

The question presented is whether the district court erred by granting summary judgment on the grounds that Patin's statement could

---

[3]In light of our disposition, we do not reach Lee's additional arguments.

not be defamatorily construed, either because it is technically accurate or under the fair-report privilege. It is only a limited subset of cases where "imputations are so clearly innocent or so clearly defamatory that the court is justified in determining the question itself." Restatement (Second) of Torts § 614 cmt. d (Am. Law Inst. 1977). Where a reasonable person could read a statement as either defamatory or not, it is for the jury to determine which reading to give. *Id.* Patin's statement falls into the latter category.

The statement appeared on a law firm's internet webpage. The page is titled "Settlement-Verdict," then gives a paragraph about the firm, and then sets out another heading, "Recent Settlements and Verdicts." The summary reprinted by the majority is separately set out as the first listed example, under the heading:

**DENTAL MALPRACTICE/WRONGFUL DEATH–PLAINTIFF'S VERDICT $3.4M, 2014**
**Description: Singletary v. Ton Vinh Lee, DDS, et al.**

A hasty but nonetheless reasonable reader might well stop at this blockbuster headline—especially if the reader was searching for Ton Vinh Lee's name on the internet—and take the heading to mean that Patin's plaintiff recovered $3.4 million from Ton Vinh Lee, DDS, for dental malpractice he committed, causing a patient's wrongful death. *See Las Vegas Sun, Inc. v. Franklin*, 74 Nev. 282, 287, 329 P.2d 867, 870 (1958) (considering the defamatory effect of a headline independent of an article because "[t]he text of a newspaper article is not ordinarily the context of its headline, since the public frequently reads only the headline"); Restatement (Second) of Torts § 563 app'x vol. 4 (Reporter's Notes) (Am. Law Inst. 1981) (collecting cases and noting that "a headline . . . may give undue emphasis to a part of what is said and so convey to hasty readers a defamatory

SUPREME COURT
OF
NEVADA

(O) 1947A

5

meaning apart from the context"). This reader, a nonlawyer, would have no reason to see the description as a case caption, especially since no court or case number were given, and might well move on to find another dentist besides Lee. But while Lee was in fact a named defendant in the case, the jury found in his favor.

Neither does the summary that follows the headline nullify this reasonable misreading. Though literally accurate, the summary omits any mention of the trial outcome as to Lee. Thus, even assuming our reader goes any further than the headline before writing Lee off, the summary's technical accuracy does not necessarily neutralize the statement's defamatory implication as a whole. *Rosen v. Tarkanian*, 135 Nev. 436, 440, 453 P.3d 1220, 1224 (2019) (criticizing a defendant for "ignor[ing] the gist of the statements and instead attempt[ing] to parse each individual word . . . for its truthfulness" and noting that "it is not the literal truth of each word or detail used in a statement which determines whether or not it is defamatory; rather, the determinative question is whether the 'gist or sting' of the statement is true or false") (internal quotation marks omitted) (*quoting Oracle USA, Inc. v. Rimini St., Inc.*, 6 F. Supp. 3d 1108, 1131 (D. Nev. 2014)).

Because a reasonable reader could understand Patin's statement to have a defamatory meaning, the question of whether Patin could rely on its truth as a defense or the fair-report privilege is one for the jury. Restatement (Second) of Torts § 619 cmt. b (Am. Law Inst. 1977) (noting that questions as to the truth of a statement "are for the jury to determine unless the facts are such that only one conclusion can reasonably be drawn"); *id.* at § 611 cmt. f (noting that for a statement to be sufficiently fair, accurate, and impartial, "it is necessary that nothing be omitted or

misplaced [so] as to convey an erroneous impression to those who hear or read it"). The reading to be given the webpage entry as to Lee is thus for the jury, not the court. I would reverse the grant of summary judgment on this record, and therefore respectfully dissent.

_Pickering_ , J.

Pickering

cc:    Hon. Gloria Sturman, District Judge
        Persi J. Mishel, Settlement Judge
        Resnick & Louis, P.C./Las Vegas
        Nettles Morris
        Claggett & Sykes Law Firm
        Doyle Law Group
        Eighth District Court Clerk